**FAIR HOUSING ADVOCATES ASSOCIATION,
INC., Appellant and Cross–Appellee,**

v.

**JAMES et al., Appellees.**

[Cite as *Fair Hous. Advocates Assn., Inc. v. James* (1996), 114 Ohio App.3d 104.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17622.

Decided Sept. 18, 1996.

*Brian J. Williams,* for appellant and cross-appellee.

*Keith R. Forfia,* for appellees and cross-appellants.

SLABY, Judge.

Fair Housing Advocates Association, Inc. ("FAA") appeals from the Summit County Court of Common Pleas' decision awarding it attorney fees, asserting that the amount of the award is insufficient. Charles and Donna James ("Landlords") cross-appeal from that decision, questioning the propriety of the attorney fees award. We reverse.

FAA is a private, nonprofit corporation which was formed in February 1993 in order to promote awareness of, as well as compliance with, the federal and state fair housing laws. In fulfilling its mission, FAA makes "tester" telephone calls to various landlords, claiming to be a potential tenant in order to assess whether the landlords might be violating the fair housing laws. On one such occasion, FAA called Landlords posing as a single parent with a four-year-old child who was seeking a one-bedroom apartment. When Landlords refused to rent to the fictitious single parent because of the claimed child, FAA alleged that they had violated the law prohibiting discrimination based on familial status.

After reporting the matter to the appropriate administrative agencies and apparently exhausting its administrative remedies, FAA filed an action against Landlords in the Summit County Court of Common Pleas. In its complaint, FAA alleged violations of the federal and state fair housing laws seeking damages for, *inter alia,* "the deflection of its resources of its education and counseling services in order to eliminate [Landlords'] conduct." The complaint also specified FAA's demand for attorney fees. The state claim was eventually dismissed, and a bench trial commenced on the federal claim under Section 3601 *et seq.,* Title 42, U.S.Code.

At trial, FAA submitted evidence of the telephone conversation and its damages; it produced no evidence of any expense related to attorney fees. After the trial on May 31, 1995, the trial court issued an opinion and final judgment entry on June 6. It found Landlords in violation of federal law and awarded FAA damages of $100 plus court costs.[1] Neither the opinion nor the journal entry indicated an award of attorney fees. FAA did not seek to challenge the

---

1. FAA submitted that it took thirty hours at a rate of $25 per hour to find Landlords' violation. Because FAA failed to explain in detail how this time was spent, the trial court reasoned that because the violation was predicated on a single telephone call, it should not have taken an FAA employee more than four hours to accomplish its mission. Moreover, the court found significant the facts that after Landlords learned of their potential violation, they kept the apartment available until discovering that the caller was not really a potential tenant, but a "tester"; that they added a closet in anticipation of a child living there; and that they then rented the apartment to a single parent with a child. Landlords also attended an informational session on fair housing.

final order by a new trial motion or a motion for relief from judgment, and no appeal was taken from the decision.

Nevertheless, after the time for appeal expired, FAA moved for attorney fees on July 10. Over Landlords' objection, its motion was granted. At the hearing to determine the amount of the fee award, FAA sought $16,866. The trial court awarded fees in the amount of $2,000. These appeals followed.

We need consider only Landlords' first cross-assignment of error[2]:

"The trial court erred, as a matter of law, in considering a post-trial motion for attorney fees following a final appealable order."

Landlords contest the trial court's authority to consider FAA's post-trial motion for attorney fees. Because FAA moved for fees only after the final judgment entry, we agree.

 FAA argues that the federal substantive law entitling a prevailing party in a federal fair housing claim to attorney fees, which states only that it allows "reasonable attorney fees and costs," is somehow dispositive concerning the timing of an application for attorney fee awards. Section 3613(c)(2), Title 42, U.S.Code; see, also, Section 1988, Title 42, U.S.Code. While the statute controls *whether* attorney fees are available at all in this federal claim, it does not designate *when* or *how* a claim for attorney fees should be made. Accordingly, because the federal statute does not address the period in which a claim for fees may be asserted, we find that the timing of FAA's motion for attorney fees is a procedural matter governed by state law.[3]

Prior to the enactment of the Ohio Rules of Civil Procedure, the Ohio Supreme Court decreed that "the stability of judgments would be destroyed" if it allowed a court to consider awarding attorney fees after the judgment has become final and the term has terminated. See *State ex rel. National City Bank of Cleveland v. Cuyahoga Cty. Court of Common Pleas* (1950), 154 Ohio St. 74, 77, 42 O.O. 147, 148, 93 N.E.2d 465, 466.

 After the enactment of the Civil Rules, in *Mills v. Dayton* (1985), 21 Ohio App.3d 208, 210, 21 OBR 222, 224–225, 486 N.E.2d 1209, 1211–1212, the Court of Appeals for Montgomery County came to a similar conclusion, finding that the principle of finality required certain motions for costs to precede a final

---

2. The alleged errors asserted by FAA basically dispute the amount of the attorney fee award. Because we find that the trial court was precluded from even considering FAA's untimely motion for fees, these errors are moot. We also need not consider Landlords' other cross-assignment of error because we find that their first proposition is meritorious.

3. Had FAA decided to pursue its cause in federal court, its attorney fee motion would have been too late, as federal procedural law mandates that the motion for fees must generally be within fourteen days. See Fed.R.Civ.P. 54(d)(2)(B).

judgment entry. More specifically, it ruled that the legislature had intended a motion for prejudgment interest to be made and determined prior to the entry of final judgment.[4] *Id.* at paragraph two of the syllabus; see, also, Civ.R. 54(D). Similarly, unless otherwise provided by statute, we hold that attorney fees cannot be awarded after the ultimate conclusion of a case as provided in Civ.R. 58(A). Therefore, a party should either present evidence of its attorney fee expenses at trial or move for an award of fees before the court issues the final judgment.

In the case *sub judice,* FAA could have sought bifurcation pursuant to Civ.R. 42(B), reserving the attorney fee issue until after it had succeeded on the merits. For whatever reason, it chose not to do so. Instead, rather than utilize the prescribed procedures, it simply waited until after the trial and the final judgment entry to move for its fees. Moreover, nothing prevents a party from presenting a claim for attorney fees in its case in chief in a bench trial.[5] In fact, in the instant case, that is what FAA declared it would do in its complaint. However, after such notice, it then failed to present any evidence on the matter at trial. Understandably, the trial court did not award FAA any fees. See, *e.g., Smith v. Padgett* (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737, 741–742.

We decline to allow FAA a second chance to litigate an attorney fee issue which might properly have been presented at trial. Accord. *McGinnis v. Donatelli* (1987), 36 Ohio App.3d 120, 121, 521 N.E.2d 513, 514–515. Likewise, we rule that the trial court had no jurisdiction to modify its final judgment concerning FAA's attorney fees once its judgment had been properly filed with the clerk.[6] See *Cale Products, Inc. v. Orrville Bronze & Aluminum Co.* (1982), 8 Ohio App.3d 375, 8 OBR 489, 457 N.E.2d 854.

The Rules of Civil Procedure are meant to "effect just results by eliminating delay, unnecessary expense, and all other impediments to the expeditious administration of justice." See Civ.R. 1(B). In light of these specified purposes

---

4. Loc.R. 7.17(e) of the Court of Common Pleas of Summit County, General Division, provides that claims for prejudgment interest may be presented up to fourteen days after the judgment entry. See, also, *id.* (postjudgment entry motions allowed for certain videotaping costs and those made on the basis of frivolous conduct). The local rules do not mention attorney fees, stating only that "any other motion * * * must be filed within the prescribed time limits of the Ohio Rules of Civil Procedure, any statutory law, or caselaw interpreting such motion practice." See Loc.R. 7.17(f).

5. In jury trials, bifurcation of the attorney fee claim may be mandatory in some situations. See, generally, *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 590 N.E.2d 737.

6. Neither the court nor FAA attempted to utilize Civ.R. 60(A). In addition, FAA did not seek to somehow explain its actions in a new trial motion pursuant to Civ.R. 59(A) or seek relief from judgment pursuant to Civ.R. 60(B). In any event, these post–trial remedies seem clearly inapplicable to these facts.

supported by Ohio Supreme Court precedent, we think it both fair and efficient that FAA's day in court conclude the matter. FAA had ample opportunity to either present its attorney fee evidence at trial or properly reserve the matter for later. Landlords' first cross-assignment of error is well taken.

The judgment of the trial court is reversed, and final judgment is entered for Landlords on this issue.

*Judgment reversed.*

BAIRD, P.J., and REECE, J., concur.