DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Thurman Mollohan and Marilyn Whitten, appeal from the judgment of the Lorain County Court of Common Pleas granting the motion for summary judgment of Appellee, Gillen Concrete and Excavating, Inc., and awarding Appellee judgment in the amount of $46,785.71 jointly and severally against Appellants. We reverse and remand
 I {¶ 2} Sometime during 1997 or 1998, R.L. Court Associates ("Court"), also known as Court Development, Inc., signed a contract with Appellee for services related to installation of roads and parking lots in a new development ("the property"). Appellee began work at the property during December 1998, and finished the majority of the work by February 1999. However, when Appellee called to request payment from Court, Court indicated that the job remained incomplete. Appellee, therefore, finished the contract by tarring at the property on December 1, 1999. Appellee filed a mechanic's lien in Lorain County on the property on January 21, 2000. While the lien listed the owner of the property as "Court Development, Inc.," the county recorder recorded the lien under the name "R.L. Court Associates" rather than "Court Development, Inc."
 {¶ 3} At approximately the same time, Court, using only the name "Court Development, Inc.," borrowed $627,448.41 from Appellants, which was secured by a mortgage on the property. Appellants filed the mortgage in Lorain County on the same day as the mechanic's lien, January 21, 2000. When Court stopped payment on the mortgage, Appellants filed suit against "Court Development, Inc." and Robert L. Court, as its owner, to foreclose on the mortgage and obtain judgment on the promissory note secured by that mortgage. Appellants had a preliminary judicial title search performed on the property which listed the known lien holders. The report, however, did not include Appellee's lien because Appellants understood that the property was owned solely by "Court Development, Inc.," and the lien was improperly recorded under "R.L. Court Associates."
 {¶ 4} Appellants moved for summary judgment on their foreclosure, requesting sale of the property. The court granted Appellants' motion for summary judgment on April 23, 2001, finding that all necessary parties had been served and were before the court, and ordering foreclosure of the mortgaged property. Appellants purchased the property at the foreclosure sale in June 2001, bidding the amount of their judgment, $500,000. The court confirmed the sale on August 17, 2001.
 {¶ 5} On January 18, 2002, Appellee filed both a motion to intervene and a motion to vacate confirmation of sale in this case. Appellee claimed that it had a valid mechanic's lien on the property, and had not been properly notified of the sale. A decision on both motions was stayed pending the outcome of an appeal on a separate issue regarding this case. In October, 2002, the court granted Appellee's motion to intervene.
 {¶ 6} Following briefing of the issue, the court vacated confirmation of sale on February 27, 2003. The court did not render any judgment on Appellee's mechanic's lien claim at that time: Appellee's counter and cross claims were still pending following vacation of the sale. Appellants did not appeal the vacation of confirmation of sale.
 {¶ 7} Appellee then filed a motion for summary judgment on the mechanic's lien, which the court granted on September 15, 2003. The court found that Appellee had a valid mechanic's lien on the property, and entered personal judgment against Appellants, jointly and severally, in the amount of that lien.
 {¶ 8} Appellants timely appealed from that particular judgment, raising four assignments of error. For ease of discussion, we will address assignment of error three out of order.
 II First Assignment of Error "The trial court erred in vacating its confirmation ofSheriff's sale on the motion of [appellee]."
 {¶ 9} In their first assignment of error, Appellants allege that the trial court erred in vacating the confirmation of sale. Specifically, Appellants argue that Appellee failed to meet the test set out under Bank One Dayton, N.A. v. Ellington (1995),105 Ohio App.3d 13, in order to vacate sale. The mere fact that Appellee received no notice of the sale, due to a recording error which rendered Appellee's mechanic's lien outside the property's chain of title, did not entitle Appellee to vacate the sale.
 {¶ 10} Before considering the merits of any of Appellants' claim, we first must address Appellee's contention that any appeal of the order vacating confirmation of sale is untimely. The court entered its order vacating confirmation of sale on February 24, 2003. Appellants filed this appeal on October 10, 2003, far beyond the requisite 30 day time limit for filing an appeal on a final, appealable order. See App.R. 4(A). If that order was, in fact, a final appealable order, we lack the jurisdiction to hear any arguments on the merits of Appellants' untimely appeal.
 {¶ 11} "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. An order of a court vacating a judgment is a final order. R.C. 2505.02(B)(3). A judgment includes any final order by a court. Harkai v. Scherba Indus.,Inc. (2000), 136 Ohio App.3d 211, 214. A confirmation of sale is a final order. Metro. Bank Trust Co. v. Roth, 9th Dist. No. 21174, 2003-Ohio-1138, at ¶ 12. Therefore, an order vacating confirmation of sale is a final order.
 {¶ 12} In this particular case, both a cross claim and counter claim filed by Appellee remained pending after the vacation of confirmation of sale. Appellants allege that these pending claims transform the vacation of confirmation of sale into a non-final order, that is, accordingly, not appealable. However, Civ.R. 54(B) "allows a trial court to issue partial judgments in actions involving multiple claims if the express determination is made that `there is no just reason for delay.'"Bench Signs Unlimited v. Stark Area Regional Transit Auth., 9th Dist. No. 21574, 2003-Ohio-6324, at ¶ 4. Recitation of the "no just reason for delay" language "`is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.'" Ferraro v. The B.F.Goodrich Co., 9th Dist. No. 01CA007887, 2002-Ohio-4398, at ¶ 19, quoting Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 354. While the claims undoubtedly remained pending, the trial court did include the requisite "no just reason for delay" language.
 {¶ 13} Given that we find that the order vacating confirmation of sale in this case was a final, appealable order, we lack the jurisdiction to hear Appellants' untimely arguments on the merits relating to that order. We, therefore, lack the jurisdiction to address Appellants' first assignment of error.
 Appellee's Challenge to Jurisdiction {¶ 14} Before considering the remainder of Appellants' assignments of error, all of which relate to the trial court's order granting summary judgment to Appellee, we must first consider Appellee's contention that this Court lacks jurisdiction because the order was not a final, appealable order. Appellee argues that its post-judgment motion for attorney fees, which was not addressed below, renders the order granting summary judgment non-final because it did not determine all of the issues before the trial court and did not contain the certification of "no just reason for delay" as required under Civ.R. 54(B). We find that Appellee's assertion lacks merit.
 {¶ 15} A party must move for attorney fees prior to entry of final judgment. Fair Housing Advocates Assn. v. James (1996),114 Ohio App.3d 104, 107. Not only must that party move for attorney fees prior to final judgment, but "a party seeking attorney fees must generally present evidence to support an award of fees before the final judgment is entered." Wengerd v.Martin (Apr. 5, 2000), 9th Dist. No. 99CA0004, at 15, citingShepherd v. Shea (May 14, 1997), 9th Dist. No. 17974, at 4;Fair Housing Advocates Ass'n, 114 Ohio App.3d at 107. After the trial court below filed its judgment with the clerk, the court had "no jurisdiction to modify its final judgment concerning * * * attorney fees[.]" Wengard, supra, at 5, quoting Fair HousingAdvocates Ass'n, 114 Ohio App.3d at 107.
 {¶ 16} In this case, Appellee did raise the issue of attorney fees both in its pleading and its motion for summary judgment. Appellee did not present evidence in its motion supporting the award of attorney fees, and the trial court did not grant fees in its judgment. Rather, the trial court explicitly granted Appellee summary judgment on all of Appellee's claims, entered monetary judgment against Appellants as requested, and closed the case. The issue of attorney fees was already before the court, and the court entered final judgment, closing the case, without granting those fees. We presume that the court, therefore, denied the request for attorney fees. We fail to see how Appellee's post-judgment filing of a motion to grant relief, which was previously requested and not granted, should suddenly render the court's judgment a non-final order. We find that the trial court's grant of summary judgment was a final, appealable order.
 Third Assignment of Error "The trial court erred in granting [appellee's] motion forsummary judgment when a sale to a bona fide purchaser hadoccurred, extinguishing [appellee's] rights."
 {¶ 17} In their third assignment of error, Appellants argue that the trial court erred in granting Appellee's motion for summary judgment. Appellants allege that even if Appellee has a valid mechanic's lien on the property, that the sale of that property by Appellants to a bona fide purchaser for value extinguishes any rights Appellee had under the mechanic's lien.
Summary judgment is proper under Civ.R. 56(C) if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
This court reviews the trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Any doubt must be resolved in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 18} An appeal regarding summary judgment often turns on whether or not a party's burden has been met under Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Dresher provides a mechanism with which a court can establish if there is a genuine issue of material fact remaining for determination. See id. While Appellants argue that a genuine issue of material fact exists as to whether Appellee had a valid mechanic's lien, such a finding is irrelevant to this case. Even if we assume for purposes of argument that Appellee had a valid mechanic's lien, the trial court still erred in granting Appellee summary judgment on that lien.
 {¶ 19} A bona fide purchaser, who acquires property in good faith for valuable consideration, takes free from any equity in that property of which they do not have actual or constructive notice. Shaker Corlett Land Co. v. Cleveland (1942),139 Ohio St. 536, paragraph three of the syllabus. The third party purchasers in this case bought the property from Appellants without constructive or actual knowledge of Appellee's lien. Accordingly, those purchasers take free of Appellee's mechanic's lien. Neither Appellants nor Appellee dispute this finding.
 {¶ 20} However, that does not answer the question of whether Appellants, who arguably did have actual notice of the lien, are still liable for the amount of that lien after selling the property to another individual. In other words, does the lien follow the property, in which case the mechanic's lien would be completely extinguished regardless of Appellants' knowledge of the lien, or can the lien attach to any owner of the property who knew about the lien at the time of their purchase of the property?
 {¶ 21} A proceeding brought purely to enforce a mechanic's lien deals with the status of the property itself, and is generally recognized as a suit in rem. Schuholz v. Walker
(1924), 111 Ohio St. 308, 312; Crandall v. Irwin (1942),139 Ohio St. 253, 257-258. Courts have found that rendering of personal judgment in a suit to enforce a mechanic's lien is improper absent contractual privity between the parties. SeeAmtrac of Ohio, Inc. v. Reacon Structures, Inc. (Aug. 6, 1986), 5th Dist. No. CA-801; Walker v. Ball (1960), 113 Ohio App. 313,316-317; Mikochinski v. Akron Tile Fireplace Co. (Dec. 3, 1923), 9th Dist. No. 696, at 7. "[T]he proceeding [to enforce a mechanic's lien] is brought to determine the status of the thing itself, the particular thing in the case (the real estate), and is confined to the subject-matter in specie." Schuholz,111 Ohio St. at 312, citing Cross v. Armstrong (1887),44 Ohio St. 613, 624-625.
 {¶ 22} Given the nature of a mechanic's lien, the lien follows the property, and not the current or former owners of the property. The lien does not magically transform into an in personam right against any former owner of the property simply because that property passed through his hands at some point in time. An in personam right only exists where there is some separate contractual relationship between the parties.Crandall, 139 Ohio St. at 257-258. Accordingly, a suit purely to enforce a mechanic's lien turns on whether the lien is currently valid as against the property.
 {¶ 23} We find Natl. Packaging Corp. v. Belmont (1988),47 Ohio App.3d 86, instructive in this matter. National Packaging
involved a case very similar to the one at bar. In that case, National Packaging obtained a judgment lien against Michael Bolan on his Hamilton County property. The recorder, however, incorrectly filed the judgment under "Bolen" instead of "Bolan." Belmont foreclosed on Bolan's Hamilton County property to collect overdue child support payments, and actually purchased the property at the sheriff's sale. Due to the incorrect entry, National Packaging received no notice of the foreclosure sale, and its judgment was not paid out of proceeds from that sale. Belmont subsequently sold the Hamilton County property to a bona fide third party purchaser who had no notice of the judgment. National Packaging then brought a foreclosure action against the third party purchasers and Belmont. All parties filed motions for summary judgment, and the court granted summary judgment to Belmont and the third party purchasers. National Packaging,47 Ohio App.3d at 87. Because a sale to a bona fide purchaser without notice extinguished the existing lien on the property, the court did not permit National Packaging to enforce the lien against either the current owner (the bona fide purchaser), or the previous owner (Belmont). See id.
 {¶ 24} In this case Appellee has not disputed that the party who purchased the property from Appellants was a bona fide purchaser for value without notice of the lien. Appellee only argues that Appellants themselves were not bona fide purchasers without notice. However, the minute that Appellants sold the property to a bona fide purchaser without notice, the lien was extinguished. See National Packaging, 47 Ohio App.3d 86. As the lien no longer existed as to that property, it may not be enforced against the current owner. In addition, because the lien follows the property, not the owners of that property, the lien may not be enforced against Appellants.
 {¶ 25} Appellee is not without remedy in such a situation. Appellee remains free to enforce the original contract against Court to collect sums due from them on the account. We make no comment as to whether Appellee may also have a remedy against the county recorder for the improper recordation of the lien which led to the current lawsuit. See Maddox v. Astro Investments
(1975), 45 Ohio App.2d 203; R.C. 317.33; R.C. 2744.02(B)(5).
 {¶ 26} The trial court erred in granting Appellee's motion for summary judgment because Appellee was not entitled to judgment as a matter of law. Under the law, the sale to a bona fide purchaser without knowledge extinguished the lien. SeeNational Packaging, 47 Ohio App.3d 86. The lien cannot be enforced against Appellants regardless of its original validity. We find merit in Appellants' third assignment of error. Accordingly, we reverse the decision of the trial court and vacate the monetary judgment against Appellants which was based upon the court's decision.
 Second Assignment of Error "The trial court erred in granting [appellee's] motion forsummary judgment when genuine issues of material fact existed."
 {¶ 27} In their second assignment of error, Appellants allege that the trial court erred in granting Appellee summary judgment because a genuine issue of material fact existed as to whether Appellee had a valid mechanic's lien on the foreclosed property. Appellants state that Appellee failed to file its mechanic's lien within the requisite time under the law, and that the lien is, therefore, not valid. Given our determination as to Appellants' second assignment of error, this assignment of error is moot. Under the law applicable to bona fide purchasers of property, it does not matter whether the lien was valid or not. See NationalPackaging, 47 Ohio App.3d 86. We, therefore, refrain from addressing Appellants' second assignment of error.
 Fourth Assignment of Error "The trial court erred in granting a money judgment against[appellants] and in favor of [appellee] where [appellants] weremere lien holders on the property which was the subject of thisforeclosure action and had no contract and committed no tortiousconduct against [appellee]."
 {¶ 28} In their fourth assignment of error, Appellants argue that the trial court erred in granting a personal money judgment jointly and severally against Appellants on the lien. Appellants indicate that they had no contract with Appellee and committed no tort against Appellee, and that a personal judgment is, therefore, improper. Given our determination as to Appellants' third assignment of error, the issue of whether the personal, joint and several monetary judgment against Appellants was proper becomes moot. The monetary judgment was premised upon a grant of summary judgment. As the trial court erred in granting summary judgment, the monetary judgment below must also be vacated. We, therefore, refrain from addressing the merits of Appellants' fourth assignment of error.
 III {¶ 29} We find merit in Appellants' third assignment of error, and refrain from addressing Appellants' other three assignments of error because they are either untimely or moot. We reverse the decision of the Lorain County Court of Common Pleas, vacate the monetary judgment against Appellants, and remand this case for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Carr, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.