DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mortgage Electric Registration Systems, Inc., as nominee for St. Francisville, LLC ("MERS-SF"),[1]
appeals the decision of the Summit County Court of Common Pleas which modified a magistrate's decision awarding Appellant an interest in excess funds following a foreclosure proceeding. We affirm.
 {¶ 2} On May 30, 2002, Countrywide Home Loans, Inc. ("Countrywide"), filed suit against Wallace F. and Jean M. Hannaford and Amerus Life Insurance Co. ("Amerus") requesting foreclosure of a property owned by the Hannafords. Countrywide correctly indicated that the Hannafords were in default of payment on Countrywide's mortgage, and incorrectly stated that Amerus still held the second mortgage on the property. Amerus had actually assigned its interest in the mortgage to MERS-SF prior to the suit, but the title search did not reveal this fact. The suit eventually included multiple defendants which had recorded liens upon the property of the Hannafords. MERS was named as a plaintiff apparently only in its capacity as nominee for Countrywide — the attorney for Coutrywide signed the Amended Complaint as "Attorney for Plaintiffs" and did not provide an address for MERS. MERS, therefore, was never actually notified of the suit, and MERS-SF had no notice that the foreclosure involved a mortgage it held.[2]
 {¶ 3} In June, the Hannafords answered the complaint, admitting that they were in default on the mortgage owed to Countrywide, while disputing the actual amount owed. The court granted judgment in favor of Countrywide, and ordered foreclosure of the property. The final judicial title report also incorrectly listed Amerus as the holder of the second mortgage. MERS-SF received no notice of the foreclosure.
 {¶ 4} Following the foreclosure, in March 2003, the court entered an order recognizing excess funds of $16,959.55 from the proceeds after distributing the proper amounts to Countrywide and other creditors. The court's entry ordered extinguishment of all liens on the property, including the second mortgage held by MERS-SF. This order was the first to recognize that MERS-SF, and not Amerus, held the second mortgage. In effect, the order purported to extinguish a lien held by an entity which was never notified of the suit.
 {¶ 5} Following a notice of excess funds, MERS-SF apparently discovered the active foreclosure suit. In July 2003, MERS-SF filed for leave to intervene under Civ.R. 24(A) and made a claim on the excess funds. The motion to intervene noted that, because MERS-SF "was not named as a party and not served with a Summons * * * [it was] not affected by the Judgment Entry ordering foreclosure of the Property in this matter." MERS-SF, however, never filed a Civ.R. 60(B) motion for relief from the judgment purporting to extinguish its lien.
 {¶ 6} A magistrate heard all outstanding claims on the excess funds on September 15, 2003. He found that MERS-SF should be permitted to intervene and had a valid claim on the funds due to the second mortgage. The magistrate ordered distribution of the excess funds to MERS-SF on the condition that it submit the proper authenticated affidavit evidencing the debt. MERS-SF promptly filed the required documentation. No objections were filed to the magistrate's decision.
 {¶ 7} The trial court reviewed the magistrate's decision, and entered its order as to the excess funds on November 7, 2003. The court indicated that "there [was] sufficient information before the Court to allow [it] to make its own independent analysis of the issues and apply the appropriate rules of law in making [its] order in regard to the Magistrate's Decision[.]" Regardless of the fact no objections were filed to the decision, the court extensively modified the decision of the magistrate. As to MERS-SF, the court found that:
"[Following the notice of excess funds], [MERS-SF] asserted that it had become aware of the above excess funds and sought to recover some of the balance owed it from the excess funds on hand by the Clerk. * * * It further contends it was never served with the complaint or amended complaint in this matter and therefore did not know it was required to file an answer to these matters establishing its entitlement upon its mortgage and note.
"These matters were further developed on the record through the filing * * * of what was styled a `Notice of Assignment by Amerus Life,' followed by a filing * * * on behalf of [MERS-SF] what was styled as a `Motion to Intervene.' * * *
"[MERS-SF's] brief in support asserts that it was not named as a party and was not served. The record establishes, however, that [MERS] was named as a party in some fashion by [Countrywide's] amended complaint[.]"
The court did not address whether MERS-SF, or even MERS alone, had ever been served in this matter. It simply stated that:
"final judgment in this matter has been rendered[.] Finality of judgment exists. A motion to intervene such as filed by [MERS-SF] cannot be used as a substitute for relief to set aside a final judgment under Civ.R. 60(B) when final judgment has been rendered."
 {¶ 8} Accordingly, the court found that the magistrate's decision was "legally flawed[,]" denied MERS-SF's claim to the excess funds, and ordered the entire amount to be distributed to the General Fund of Summit County. The record shows that the court did not serve a copy of this order upon MERS-SF, but, instead, only served the original parties to the suit. Because Countrywide never provided the court with an address for MERS, and maintained by the signature on the Amended Complaint to act for MERS also, no copy of the order was sent to MERS. MERS-SF only discovered the order when it reviewed the docket in December 2003.
 {¶ 9} MERS-SF did not file an appeal from that judgment. Rather, MERS-SF immediately filed a "Motion for Reconsideration, or in the alternative, Motion for Relief from Judgment." MERS-SF reiterated that it had not been served, and was not properly made a party to the matter. It, therefore, met the requirements for intervention as a matter of right, which could be granted even after a final judgment was entered. MERS-SF also argued that it qualified for relief from the November 7, 2003 judgment under Civ.R. 60 because the court had improperly assumed that MERS and MERS-SF were the same entity. However, MERS-SF did not argue that it was entitled to relief from the original judgment which extinguished MERS-SF's mortgage lien on the property.
 {¶ 10} Three months later, on February 4, 2004, the court denied MERS-SF's motion with no supporting rationale. The court merely stated that "[u]pon consideration thereof, this Court finds said motion not well taken."
 {¶ 11} Appellant appealed to this court and raises four assignments of error for our review. For ease of discussion, we will address the first, second, and fourth assignments of error together.
 ASSIGNMENT OF ERROR I
"The Trial Court committed prejudicial error when it refused to permit [MERS-SF] to assert its interest and recover the net proceeds from the Sheriff's Sale."
 ASSIGNMENT OF ERROR II
"The Trial Court committed prejudicial error when it applied Misc. Order 450, dated August 28, 2003, so as to bar [MERS-SF] from asserting its interest to the excess funds."
 ASSIGNMENT OF ERROR IV
"The Trial Court committed prejudicial error and abuse of discretion when it overruled the Magistrate's Decision of September 15, 2003, which was based upon hearing of the evidence and the settlement of the parties to the action, which included [MERS-SF] herein at that time."
 {¶ 12} In its first, second, and fourth assignments of error, MERS-SF argues that the trial court committed error in its November 7, 2003, order because it (1) refused to allow MERS-SF to intervene in the action, (2) awarded the funds to the Summit County General Fund in accordance with Order 450, and (3) modified the magistrate's decision regardless of the fact that no objections were filed to that decision. MERS-SF failed to appeal from this order until March 3, 2004, far beyond the requisite 30 day time limit for filing an appeal on a final, appealable order. See App.R. 4(A). If that order was, in fact, a final appealable order, we lack the jurisdiction to consider any arguments related to the merits of that untimely appeal. Mollohan v. Court Dev.Inc., 9th Dist. No. 03CA008361, 2004-Ohio-2118, at ¶ 10, 13.
 {¶ 13} "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. R.C. 2505.02 defines a final order as one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1). The denial of a motion to intervene alone is a final, appealable order. Firestone v. Bank One, N.A. (Sept. 27, 1995), 9th Dist. No. 17109, at 21. The remainder of the order, denying all outstanding claims to the excess funds and awarding those funds to the Summit County General Fund, is also a final, appealable order. No issues remained to be litigated, thus Civ.R. 54(B) was inapplicable. The suggestion of the court that MERS-SF might properly attack the prior extinguishment of its mortgage lien via a Civ.R. 60(B) motion does not affect the finality of the order.
 {¶ 14} As the trial court's order was a final, appealable order, MERS-SF was required to appeal within 30 days. See App.R. 4(A). Even if we assume MERS-SF did not receive notice of the entry until sometime in December 2003, it failed to appeal within the requisite time. We, therefore, lack the jurisdiction to review the merits of their first, second, and fourth assignments of error. See Mollohan at ¶ 10, 13.
 ASSIGNMENT OF ERROR III
"The Trial Court committed prejudicial error and abuse of discretion when it refused to grant [MERS-SF's] Motion for Reconsideration and Relief from Judgment, as [MERS-SF] had properly set forth the basis to grant same."
 {¶ 15} In its third assignment of error, MERS-SF argues that the trial court erred by failing to grant its motion for reconsideration, or in the alternative, motion for relief from judgment under Civ.R. 60.
 {¶ 16} This Court first notes that a motion for reconsideration from a final order is a nullity. Pitts v. Dept.of Transportation (1981), 67 Ohio St.2d 378, 380; Dunkle v.Kinsey, 9th Dist. No. 20502, at 4, 2001-Ohio-1514. Any judgment entered on a motion for reconsideration is likewise a nullity.Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267; Dunkle,
supra, at 4. If MERS-SF was asking the trial court to reconsider its denial of MERS-SF's motion to intervene, then both the motion to reconsider and the court's judgment on that motion are nullities. As noted above, we may not review the merits of that particular claim by MERS-SF because MERS-SF failed to timely appeal from the denial of the motion to intervene.
 {¶ 17} After careful review of MERS-SF's arguments contained in its "Motion for Reconsideration, or in the alternative, Motion for Relief from Judgment," however, it appears that MER-SF was actually arguing, though quite inartfully, that it should be relieved only of the November judgment entry which denied its motion to intervene and its claim on the proceeds. The brief in support of the alternative motions states:
"Because [the trial court's] November 7, 2003 Order was based on an inadvertent misunderstanding, [MERS-SF] respectfully requests that the Order be reconsidered, and that the Motion and Amended Motion to Intervene and for Disbursement of Excess Funds be granted[.] * * *
"Under the circumstances, [MERS-SF] respectfully submits that it would be appropriate for there to be reconsideration of the November 7, 2003 Order to grant relief from said Order pursuant to either Civil Rule 60(A) or 60(B)."
MERS-SF alleges that the court's November decision was based on the "inadvertent misunderstanding" that MERS-SF was a plaintiff to, and thus notified of, the original suit. MERS-SF challenges the November entry under both Civ.R. 60(A) and (B).
 {¶ 18} Civ.R. 60(A), in pertinent part, states:
"Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time * * * on the motion of any party[.] * * * [W]hile [an] appeal is pending [clerical mistakes] may be so corrected with leave of the appellate court."
This particular rule is used to fix clerical errors alone, and not to alter substantive issues. Citizens for Choice v. SummitCty. Council (2001), 143 Ohio App.3d 823, 828. Civ.R. 60(A) is meant to correct the "type of mistake or omission mechanical in nature which is apparent from the record and which does not involve a legal decision or judgment[.]" Dentsply Internatl.,Inc. v. Kostas (1985), 26 Ohio App.3d 116, paragraph two of the syllabus. An "inadvertent misunderstanding" by the trial court, as alleged by MERS-SF, simply does not fall under this type of clerical rule.
 {¶ 19} Civ.R. 60(B) states:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment."
In order to prevail on a Civ.R. 60(B) motion, MERS-SF must show that 1) it has a meritorious defense to present if relief were granted; 2) it is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and 3) its motion was made within a reasonable time. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must show all three of the above requirements or his motion for relief from judgment must fail.Id. at 151.
 {¶ 20} The trial court's November entry decided two specific things as to MERS-SF. It first denied MERS-SF's motion to intervene. Second, the order indicated that MERS-SF's mortgage lien had already been extinguished by a prior entry, and that, therefore, MERS-SF no longer had a valid claim on the excess proceeds. While MERS-SF assumes the invalidity of the prior extinguishment, a possibly meritorious defense to that prior judgment, it never argues that it should be relieved of that prior judgment. Instead, it merely alleges that, assuming the prior judgment was invalid, the November entry would also be invalid. However, until that prior order is found to be invalid, or is properly challenged, we must assume it is valid. Given the assumed validity of the order extinguishing MERS-SF's mortgage lien, no reason lies to relieve MERS-SF from the November entry under Civ.R. 60(B). If MERS-SF's lien was properly extinguished, MERS-SF has no valid claim on the excess proceeds, either via intervention or otherwise. Accordingly, we must overrule Appellant's third assignment of error.
 {¶ 21} We dismiss Appellant's first, second, and fourth assignments of error as untimely, overrule Appellant's third assignment of error, and affirm the November judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Boyle, J., Concur.
[1] In an attempt to avoid confusion, we will refer to Mortgage Electronic Recording Systems, Inc. as "MERS" and Mortgage Electronic Recording Systems, Inc. as nominee for St. Francisville as MERS-SF (the Appellant). MERS apparently also was acting as nominee for Countrywide in this case.
[2] MERS serves as something similar to a statutory agent. MERS tracks mortgage loans for more than 2,000 different lenders, and is always listed on the original mortgage as "nominee" for some third party, called the Servicer. When a Servicer forecloses on a mortgage, the Servicer's attorney automatically acts as an agent for MERS. MERS, therefore, receives no direct notice of the suit.