MOLLOHAN et al., Appellees,

v.

COURT DEVELOPMENT, INC. et al.; Gillen Concrete
and Excavating, Inc., Appellants.

[Cite as *Mollohan v. Court Dev., Inc.,* 160 Ohio App.3d 736, 2005-Ohio-2149.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 04CA008586.

Decided May 4, 2005.

John L. Keyse–Walker, for appellees.

Gino Pulito, for appellant.

WHITMORE, Presiding Judge.

{¶ 1} Defendant-appellant, Gillen Concrete & Excavating, has appealed from the decision of the Lorain County Court of Common Pleas that confirmed the sale of certain real property and found appellant's mechanic's lien extinguished. This court affirms.

I

{¶ 2} The instant matter has a long, protracted procedural history dating back to December 2000, including two prior appeals to this court. The prior appeals involved the disposition of claims presented by Mack's International against plaintiffs-appellees Thurman Mollohan and Marilyn Whitten, *Mack's, Inc. v. Mollohan,* 9th Dist. No. 01CA007970, 2002-Ohio-2659, 2002 WL 1265563, as well as the trial court's decision granting summary judgment to appellant on its claim for payment of a mechanic's lien against certain real property purchased by appellees at a sheriff's sale, *Mollohan v. Court Dev., Inc.,* 9th Dist. No. 03CA008361, 2004-Ohio-2118, 2004 WL 894545.

{¶ 3} Relevant to the instant appeal, appellant held a mechanic's lien against certain real property that was formerly owned by Court Development. Appellees held a note executed by Robert L. Court, the principal of Court Development.

The note was secured by the property. Appellees obtained a $500,000 default judgment against Court Development due to Court Development's nonpayment of the note, and appellees purchased the property at the August 7, 2001 sheriff's sale for $500,000. On August 17, 2001, the trial court confirmed the sheriff's sale. However, appellant's mechanic's lien was not listed on the preliminary or final judicial report because the lien had been recorded against "R.L. Court Development" rather than "Court Development." As a result of the recording error, appellant did not receive notice of the foreclosure action and sheriff's sale of the property, and thus appellant did not protect its interest in the property at the time of sale.

{¶ 4} After the sale was confirmed, appellees sold the property to a bona fide purchaser for value. There is no evidence that the bona fide purchaser for value had actual or constructive notice of appellant's mechanic's lien.

{¶ 5} On March 18, 2003, appellant moved for summary judgment against appellees on its mechanic lien. On September 15, 2003, the trial court granted appellant's motion and ordered appellees to pay appellant $47,785.71 in satisfaction of appellant's mechanic's lien against the property. On April 28, 2004, this court reversed the trial court's decision. See *Court Dev., Inc.,* supra, 9th Dist. No. 03CA008361, 2004-Ohio-2118, 2004 WL 894545.

{¶ 6} On remand, appellees moved the trial court to enter judgment on our decision in *Court Dev., Inc.* Appellant opposed the motion. On September 18, 2004, the trial court entered judgment on our decision in *Court Dev., Inc.* and dismissed appellant's counterclaims against appellees without prejudice.

{¶ 7} Appellant has timely appealed the trial court's decision entering judgment on our decision in *Court Dev., Inc.,* asserting two assignments of error.

## II

### Assignment of Error Number One

The trial court erred in failing to account for the distribution of funds allocated at the sheriff's sale.

{¶ 8} In its first assignment of error, appellant argues that the trial court erred when it did not order that appellant's mechanic's lien be satisfied from the proceeds of the 2001 sheriff's sale of the property. Specifically, appellant argues that its mechanic's lien had priority over all other liens at the time of sale and, therefore, its mechanic's lien should have been satisfied from proceeds of the sale. We disagree.

{¶ 9} The Supreme Court of Ohio has held that the doctrine of the law of the case stands for the proposition that "[t]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all

subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3–4, 11 OBR 1, 462 N.E.2d 410. The doctrine serves "to compel trial courts to follow the mandates of reviewing courts." Id.

{¶ 10} In the instant matter, appellant concedes that it is not entitled to judgment against appellees or the bona fide purchasers of the property who purchased the property from appellees. Appellant argues, however, that the trial court erred when it failed to satisfy appellant's lien from the proceeds of the 2001 sheriff's sale of the property. In response, appellees claim that appellant's arguments were fully addressed in *Court Dev., Inc.* and, pursuant to the doctrine of the law of the case, appellant's arguments cannot be addressed a second time by this court.

{¶ 11} In *Court Dev., Inc.*, appellant argued that appellees had notice of appellant's mechanic's lien and thus the lien was enforceable against appellees. *Court Dev., Inc.*, at ¶ 24. But this court held that once appellees had sold the property to a bona fide purchaser who did not have notice of appellant's mechanic's lien against the property, "the lien was extinguished" and not enforceable against appellees. Id. We went on to say that although appellant's mechanic's lien could not be enforced against appellees, the bona fide purchaser of the property, or the property itself, appellant "remain[ed] free to enforce the original contract against Court [Development] to collect sums due from them on the account." Id. at ¶ 25. We declined to comment as to whether or not appellant had a cause of action against the Lorain County Recorder for the defective recordation of appellant's mechanic's lien. Id.

{¶ 12} In the instant appeal, appellant argues that the trial court erred when it failed to satisfy its mechanic's lien out of the proceeds of the 2001 sheriff's sale. However, we have already said that appellant's mechanic's lien was extinguished "the minute [appellees] sold the property to a bona fide purchaser without notice." Id. at ¶ 24. The theory that appellant argues in the instant appeal, namely that the trial court should "reprioritize" the liens against the property, was encompassed in *Court Dev., Inc.* when we concluded that appellant's mechanic's lien was extinguished. It was inherent in the *Court Dev., Inc.* conclusion that the trial court should not reprioritize the liens against the property. Because appellant did not appeal our decision in *Court Dev., Inc.* to the Supreme Court of Ohio, *Court Dev., Inc.* is the law of the case, and appellant's arguments in the instant matter require no further consideration by this court. Appellant's first assignment of error lacks merit.

### Assignment of Error Number Two

The trial court erred in dismissing [appellant's] claims although clearly actions against other parties still remain.

■ {¶ 13} In its second assignment of error, appellant argues that the trial court erred when it dismissed appellant's counterclaims against appellees. Specifically, appellant argues that it might have a cause of action sounding in fraud against appellees, and therefore the trial court should not have entered judgment on our decision in *Court Dev., Inc.* until appellant decided if it was going to bring additional claims against appellees. We disagree.

{¶ 14} Appellant first argues that because it was still considering whether to bring a cause of action sounding in fraud against appellees, the trial court erred when it dismissed appellant's counterclaims. Appellees argue that appellant's counterclaims spoke only to the mechanic's lien and, based upon our decision in *Court Dev., Inc.*, the trial court was left with no option but to dismiss appellant's counterclaims.

{¶ 15} On November 15, 2002, appellant filed its answer and counterclaim to appellee's complaint for foreclosure. Appellant counterclaimed, requesting foreclosure of its mechanic's lien against the property as well as a judicial declaration that its mechanic's lien was a valid, subsisting lien on the property.

{¶ 16} Because we addressed these very issues in *Court Dev., Inc.*, and again pursuant to the doctrine of the law of the case, we conclude that appellant's arguments on this issue do not merit further consideration from this court. See *Court Dev., Inc.*, 2004-Ohio-2118, 2004 WL 894545, at ¶ 24.

■ {¶ 17} We feel compelled to answer appellant's arguments that the interests of judicial economy would be best served were we to reinstate appellant's counterclaims against appellees. First, we should point out that this court announced its decision in *Court Dev., Inc.* on April 24, 2004, and the trial court entered judgment on our decision on September 27, 2004. Thus, appellant had five months in which to select its litigation options and to decide whether or not to bring a suit sounding in fraud against appellees. Having failed to move to amend its counterclaims and include any such action, appellant cannot legitimately argue judicial economy at this stage of the proceedings.

{¶ 18} Based on the foregoing, this court concludes that the trial court did not err when it dismissed appellant's counterclaims against appellees. Appellant's second assignment of error lacks merit.

### III

{¶ 19} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BATCHELDER and MOORE, JJ., concur.