MEMORANDUM OPINION
{¶ 1} On March 22, 2005, appellant, Compact Cars, Inc., d.b.a. Apostolakis Honda, filed a notice of appeal with this court from a March 11, 2005 judgment of the Trumbull County Court of Common Pleas.
 {¶ 2} On March 11, 2005, the jury returned a verdict in favor of appellee, Jeffrey Urso. The trial court entered judgment on the verdict and ordered that appellee recover from appellant the sum of $3,500. That entry also ordered appellant to pay costs. The entry did not address attorney fees. It was from the March 11, 2005 entry that appellant filed its notice of appeal March 22, 2005.
 {¶ 3} On August 22, 2005, appellee filed a motion to dismiss the appeal for lack of a final appealable order. Appellant filed a response on September 1, 2005.
 {¶ 4} In the complaint, which appellee filed against appellant on June 3, 2002, appellee prayed for, inter alia, judgment against appellant for "[a]ll reasonable attorneys' fees, witness fees, court costs and other fees incurred by [appellee] * * *."
 {¶ 5} It is well-settled law that when attorney fees are requested in the complaint, there is no final appealable order until those fees have been addressed by the trial court unless the court utilizes Civ.R. 54(B) language. Ft. Frye Teachers Assn. v. Bd. of Edn. (1993),87 Ohio App.3d 840, 843; Aquarium Systems v. Omega Sea Mfg. Corp.,
11th Dist. Nos. 2004-L-110 and 2004-L-111, 2005-Ohio-350, at ¶ 2; Trailv. Trail (Dec. 9, 1994), 11th Dist. No 94-L-094, 1994 WL 1662554.
 {¶ 6} Civ.R. 54(B) provides that:
 {¶ 7} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 8} In the instant matter, the trial court did not address the issue of attorney fees and did not use Civ.R. 54(B) language in its judgment entry. Accordingly, there is no final appealable order at this point in time. Hence, this court is without jurisdiction to hear this appeal.
 {¶ 9} Since the trial court's judgment entry is not a final appealable order, we are compelled to grant appellee's motion and dismiss appellant's appeal. Based upon the foregoing analysis, this appeal is dismissed due to lack of jurisdiction.
 {¶ 10} Appeal dismissed.
O'Neill, J., Grendell, J., concur.