INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 8, APPELLANT, v. VAUGHN INDUSTRIES, L.L.C., APPELLEE.

[Cite as *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439.]

(No. 2006–1868—Submitted September 11, 2007—Decided December 13, 2007.)

Moyer, C.J.

{¶ 1} The Sixth District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, and App.R. 25. The Sixth District found its judgment to be in conflict with the judgments of the Ninth District Court of Appeals in *Fair Hous. Advocates Assn., Inc. v. James* (1996), 114 Ohio App.3d 104, 682 N.E.2d 1045; *Mollohan v. Court Dev., Inc.*, 9th Dist. No. 03CA008361, 2004-Ohio-2118, 2004 WL 894545; *Wengerd v. Martin* (Apr. 5, 2000), 9th Dist. No. 99CA0004, 2000 WL 354148; and *Shepherd v. Shea* (May 14, 1997), 9th Dist. No. 17974, 1997 WL 270544.

{¶ 2} The certified issue is as follows: "Where attorney fees are requested in the original pleadings, may a party wait until after judgment on the case in chief is entered to file its motion for attorney fees?" We hold that when attorney fees are requested in the original pleadings, a party may wait until after entry of a judgment on the other claims in the case to file its motion for attorney fees. We also hold that when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order.

{¶ 3} The International Brotherhood of Electrical Workers, Local Union No. 8 ("International Brotherhood"), filed a complaint against Vaughn Industries, L.L.C. ("Vaughn"), alleging an intentional violation of the Ohio Prevailing Wage Law. In its answer, Vaughn denied the alleged violation and requested the

following relief: "Vaughn respectfully requests, pursuant to Ohio Civil Code Rule 4115.16 that it be granted its statutory fees and costs necessitated with defending this action. Vaughn also respectfully requests sanctions against Plaintiff pursuant to the terms of Ohio Civil Rule 11." After the filing of Vaughn's answer, two related cases were consolidated with the present case.

{¶ 4} The Wood County Court of Common Pleas first entered an order of partial summary judgment. The order granted International Brotherhood's motion for partial summary judgment regarding the violation of the Prevailing Wage Law but denied the motion as to the intentional violation. A second order, which addressed all three consolidated cases and vacated the order of partial summary judgment, granted Vaughn's motion for summary judgment as to all of International Brotherhood's claims, and ordered International Brotherhood to pay the costs of the proceedings. In Vaughn's motion for summary judgment, it had requested judgment on "the two remaining issues in this litigation," both of which concerned violations of the Prevailing Wage Law. Vaughn did not request attorney fees in either its memorandum in opposition to International Brotherhood's motion for partial summary judgment or in its subsequent motion for summary judgment.

{¶ 5} After the court journalized its order, Vaughn filed a motion for attorney fees and costs, pursuant to R.C. 4115.16(D) and/or Civ.R. 11 and R.C. 2323.51.

{¶ 6} On appeal, the Sixth District dismissed International Brotherhood's appeal as premature, holding that "where attorney fees are requested in the original pleadings, a judgment that disposes of all the claims between all the parties, except for the attorney fee claim, is not final and appealable without Civ.R. 54(B) no just reason for delay language and a party may file a motion for attorney fees after that judgment has been entered." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, Inc.*, 6th Dist. No. WD–06–061, 2006-Ohio-5280, 2006 WL 2847413, ¶ 18. The Sixth District, finding its holding to be in conflict with four cases in the Ninth District Court of Appeals, certified the case for our review. Id. at ¶ 19.

{¶ 7} For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and the order does not enter a judgment on all the claims, the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5–7.

{¶ 8} In the absence of express Civ.R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims. *Scruggs* at ¶ 6. The trial court may revise the order until all claims are adjudicated. Civ.R. 54(B). A court may not bypass the requirement to include the express language of Civ.R.

54(B) simply by designating the order as final. Under Civ.R. 54(B), "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" does not terminate the action without a determination that there is no just reason for delay.

{¶ 9} In the present proceedings, International Brotherhood appealed a summary-judgment order that disposed of fewer than all of the claims presented for relief. Vaughn's answer to the complaint included a request for statutory attorney fees pursuant to R.C. 4115.16 and sanctions pursuant to Civ.R. 11. The summary-judgment order entered by the trial court disposed of several claims, but did not include defendants' claim for attorney fees. Nor did the summary judgment order include the Civ.R. 54(B) language. Pursuant to R.C. 2505.02 and Civ.R. 54(B), the order is not final and therefore may not be reviewed by an appellate court.

{¶ 10} International Brotherhood presents two main arguments in support of its proposition that the summary-judgment order was final and appealable, and thus that it was improper for Vaughn to request attorney fees after the court entered its order: Vaughn abandoned the issue of attorney fees by not reserving the issue or requesting fees in its summary-judgment motion, and even if Vaughn had requested attorney fees in its summary-judgment motion, the trial court's failure to address the issue of fees constituted a denial of Vaughn's request. These arguments are unpersuasive.

{¶ 11} First, Civ.R. 54(B) undercuts International Brotherhood's argument that a party abandons his attorney-fee claim if he does not request fees "in the final disposition." International Brotherhood's argument suggests that in order to qualify as final and appealable, an order need dispose only of claims presented or preserved immediately before the entry of the order disposing of the other issues in the case. Civ.R. 54(B), however, does not require that parties reserve or restate their claims, nor does it describe any action beyond the pleading stage that is necessary to preserve a claim for adjudication by the trial court. To allow a court to find implicitly that one party abandoned his claim would thus significantly alter the definition of a final, appealable order. We decline to make such an alteration.

{¶ 12} Second, International Brotherhood misstates this court's precedent in support of both of its arguments—first, that a party implicitly abandons his attorney-fee claim if he does not raise the issue subsequent to the original claim, and second, that a trial court implicitly denies any request for attorney fees if it does not address such a request in its order.

{¶ 13} International Brotherhood primarily cites this court's decision in *Pollock v. Cohen* (1877), 32 Ohio St. 514, 1877 WL 145, in support of the above

propositions. In particular, International Brotherhood cites the following language in *Pollock*: "[A]ll questions which existed on the record, and could have been considered * * * must ever afterward be treated as settled by the first adjudication of the reviewing court." Id. at 519. International Brotherhood misreads this court's holding in *Pollock*. The omitted portion of the above quote reads: "on the first petition in error." Id. In *Pollock*, following a judgment of nonsuit in the court of common pleas, the plaintiff filed a petition in error. Id. at 518. After his petition was denied, the plaintiff filed a second petition in error in the same court, assigning two causes for error, neither of which had been argued in his first petition. Id. at 519. Our holding in *Pollock*, excerpted above, addresses the necessity of raising an issue in the first of two appeals in the same cause. We decline to extend the rationale of *Pollock* to an issue that is so substantively different. Here, the attorney-fee claim was requested in the pleadings. International Brotherhood had adequate notice that Vaughn sought attorney fees. We therefore decline to apply our reasoning in *Pollock* to the present case.

{¶ 14} In addition, we decline to follow the reasoning of the Ninth District in *Fair Hous. Advocates Assn., Inc. v. James* (1996), 114 Ohio App.3d 104, 682 N.E.2d 1045. In *Fair Hous.*, the Ninth District held that it was improper to allow a motion for attorney fees after entry of a "final judgment," id. at 107, 682 N.E.2d 1045, when the claim for attorney fees had been advanced in the original claim but had not been presented at trial. Id.

{¶ 15} The Ninth District described a motion for attorney fees that followed an order disposing of the other claims in the case as "a second chance to litigate an attorney fee issue which might properly have been presented at trial." Id. For this proposition, the *Fair Hous.* court cited a prior Ninth District decision, *McGinnis v. Donatelli* (1987), 36 Ohio App.3d 120, 521 N.E.2d 513, which held that the issue of attorney fees in the case at bar was res judicata. We disagree with the Ninth District. If attorney fees are requested in the pleadings, a motion for attorney fees filed after an order on the other claims in the case cannot be denied on the basis of res judicata, as the Ninth District suggests, because no order has disposed of the claim for fees. We therefore reject the Ninth District's reasoning in *Fair Hous.*

{¶ 16} Finally, we note that our decision today is in line with several Ohio courts of appeals that have decided the issue.[1]

---

1. *See Russ v. TRW, Inc.* (Feb. 2, 1989), 8th Dist. No. 54973, 1989 WL 7960; *State ex rel. Bushman v. Blackwell*, 10th Dist. No. 02AP–419, 2002-Ohio-6753, 2002 WL 31751505; and *Urso v. Compact Cars, Inc.*, 11th Dist. No. 2005–T–0037, 2005-Ohio-6292, 2005 WL 3150180.

{¶ 17} For the foregoing reasons, we hold that when attorney fees are requested in the original pleadings, a party may wait until after entry of a judgment on the other claims in the case to file its motion for attorney fees. We also hold that when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order.

{¶ 18} For the reasons stated, we affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment and paragraph one of the syllabus.

———

Cosme, D'Angelo & Szollosi Co., L.P.A., Joseph M. D'Angelo, and Joseph Guarino, for appellant.

Andrews & Wyatt, L.L.C., David T. Andrews, and Jerry P. Cline, for appellee.