**HARTER, Appellant,**

**v.**

**WADSWORTH–RITTMAN [Hospital], Appellee, et al.**

[Cite as *Harter v. Wadsworth–Rittman Hosp.* (1989), 64 Ohio App.3d 26.]

Court of Appeals of Ohio,
Medina County.

No. 1790.

Decided Aug. 30, 1989.

*Steven L. Yashnik*, for appellant.

*Stephen F. Belden*, for appellee.

Cacioppo, Presiding Judge.

Aurelia Harter brought an action against several physicians and Wadsworth–Rittman Hospital seeking damages for the death of her husband. Harter contends that the hospital nursing staff negligently provided medical care. The hospital filed a motion for summary judgment asserting that Harter failed to establish a duty that was breached in the medical care of her husband.

The trial court denied the summary judgment motion because Harter submitted the affidavit of a nurse. The trial court found that the affidavit raised an issue of fact as to the duty owed and breach of that duty. The hospital asked the trial court to reconsider the summary judgment denial because the nurse's affidavit was not admissible in evidence as required pursuant to Civ.R. 56(E). The hospital contended that the nurse was not competent pursuant to Evid.R. 601(D).

The trial court denied the motion for reconsideration because Harter submitted the affidavit of Lawrence Feinman, M.D., who was licensed to practice medicine in New York and California. The trial court found that Feinman's affidavit was admissible and contained the opinion that the nursing care fell below the appropriate standard and was a concurring proximate cause of

Ronald Harter's death. The hospital again asked the trial court to reconsider the summary judgment denial because the deposition testimony of Lawrence Feinman, M.D., indicated that Feinman had no opinion based on personal knowledge as to the appropriate standard of nursing care or the adequacy of the nursing care received. Feinman testified that he accepted what the nursing expert had stated.

The trial court granted summary judgment in favor of the hospital and found that Evid.R. 703 would not allow Feinman's opinion, as that expert opinion was based solely on hearsay. The trial court further found that Harter failed to establish a legal duty which the hospital owed and also failed to establish a breach of that duty.

Harter filed a motion to vacate the summary judgment pursuant to Civ.R. 60(B). Harter argued that the affidavit of another medical expert, attached to the motion, presented new evidence sufficient to set aside the summary judgment. The trial court denied the motion.

Harter then filed a motion with the trial court, seeking a determination, pursuant to Civ.R. 54(B), that the entry of summary judgment and denial of the Civ.R. 60(B) motion were final appealable orders and that there was no just reason for delay. The trial court made the requested findings and rendered a judgment order.

Harter appeals from that order.

### Assignment of Error I

"The trial court erred in excluding the expert opinion of Dr. Lawrence Feinman."

■ Harter contends that the trial court erred in excluding Lawrence Feinman's affidavit as invalid under Evid.R. 703. Harter argues that Dr. Feinman may not have had an independent opinion as to the standard of nursing care but, based upon the standard of care which the nurse-expert stated, Dr. Feinman expressed an independent opinion as to the element of proximate cause.

Harter's argument fails for two reasons. First, the trial court did not grant summary judgment for a lack of disputed facts concerning proximate causation. The trial court found that Harter had failed to establish a standard of care and breach of that legal duty. Second, Evid.R. 703 permits expert testimony based upon the expert's personal knowledge or based upon admitted evidence. The nurse's expert opinion concerning the standard of care and

breach of duty was not admitted in evidence. Therefore, Dr. Feinman could not base his proximate causation opinion on the nurse's opinion.

The first assignment of error is overruled.

## Assignment of Error II

"The trial court erred in excluding the expert affidavit and report of Elizabeth Kendrick under Evidence R. 601(D)."

■ Harter contends that the trial court applied Evid.R. 601(D) too broadly. Harter argues that the action is not a medical claim against the hospital but is an action against the nurses.

Harter named Wadsworth–Rittman Hospital as a defendant and alleged the medical care was negligently provided. Evid.R. 601 states:

"Every person is competent to be a witness except:

"* * *

"(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless such person devotes three-fourths of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited university."

The trial court did not err in finding that the nurse was not competent to give expert testimony in the case *sub judice.*

The second assignment of error is overruled.

## Assignment of Error III

"The trial court erred in granting the defendant's second motion for reconsideration of earlier denials of summary judgment."

■ Harter contends that the trial court erred in granting summary judgment upon a second motion for reconsideration. Harter argues that she justifiably relied upon the trial court's prior denial of summary judgment. A review of the record does not support Harter's argument.

Harter filed a response to the hospital's motion for reconsideration. Harter argued that the nurse's affidavit was admissible, that Dr. Feinman's affidavit supported a finding of concurring proximate cause, that Harter was induced to rely upon the hospital for care, and that the hospital has a nondelegable duty to protect persons from the negligence of independent contractors.

The trial court did not error in finding that Harter failed to establish the standard of care or the breach of duty necessary to overcome the motion for summary judgment.

### Assignment of Error IV

"The trial court erred in affirming its dismissal of the defendant after the plaintiff declared a third expert in the case."

■ Harter sought relief from the summary judgment through filing a motion pursuant to Civ.R. 60(B). Civ.R. 60(B) permits the court to relieve a party from a final order or judgment. The summary judgment did not become a final order until after Harter filed the motion pursuant to Civ.R. 60(B). Therefore, the trial court did not err in denying Harter's motion.

The fourth assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.