This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Patio Enclosures, Inc. ("Patio Enclosures"), appeals the decision of the Summit County Court of Common Pleas.
 I. {¶ 2} Appellee, James Lanigan, was employed as a salesperson at Patio Enclosures' office in Chicago, Illinois from January 18, 1993, to March 2001. As a condition of his employment, Lanigan executed a non-competition and confidentiality agreement ("Agreement") on January 12, 1993. In the agreement, Lanigan agreed that during his employment with Patio Enclosures and for two years following his employment with Patio Enclosures that he would not in any way engage in any business that would be in competition with Patio Enclosures within fifty miles of any Patio Enclosures location. Lanigan also agreed to maintain the confidentiality of Patio Enclosures' trade secrets. On December 11, 2001, Lanigan faxed a letter to Patio Enclosures' corporate office, informing it that he was working for a competitor within a fifty mile radius of one of its branch locations, and that it would "be a pleasure selling against [Patio Enclosures'] best man."
 {¶ 3} Patio Enclosures filed a complaint in the Summit County Court of Common Pleas seeking a temporary restraining order, preliminary, and permanent injunction order compelling Lanigan to comply with the terms of the agreement. Patio Enclosures also sought an order enjoining Lanigan from disseminating or using any confidential, proprietary or trade secret information belonging to Patio Enclosures. In addition, Patio Enclosures sought compensatory and punitive damages.
 {¶ 4} The trial court issued a temporary restraining order on December 17, 2001. After a hearing, the trial court issued a preliminary injunction order on December 28, 2001. On February 6, 2002, Lanigan filed a Civ.R. 60(B) motion to vacate the preliminary injunction. After a hearing on Lanigan's Civ.R. 60(B) motion, the trial court modified the preliminary injunction on April 18, 2002.
 {¶ 5} Patio Enclosures filed a notice of appeal in this Court on May 17, 2002, setting forth three assignments of error.
 II. {¶ 6} Before reaching the merits of this appeal, we must determine whether this Court has jurisdiction to review the order appealed. Section3(B)(2), Article IV of the Ohio constitution limits this Court's appellate jurisdiction to the review of final judgments of trial courts. An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. Fisher v.Fisher, Franklin App. No. 01AP-1041, 2002-Ohio-3086, at ¶ 20, citingChef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. If an order is not final and appealable, the appellate court has no jurisdiction to review the matter being appealed and it must be dismissed. Fisher, at ¶ 19.
 {¶ 7} In State v. Muncie (2001), 91 Ohio St.3d 440, 446, the Supreme Court of Ohio set forth the test for determining when an order is final:
 {¶ 8} "R.C. 2505.02(B)(4) now provides that an order is a `final order' if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a `provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. See, also, R.C. 2505.02(A)(3) (defining `provisional remedy')."
 {¶ 9} In this case, Patio Enclosures is attempting to appeal the trial court's modification of a preliminary injunction. A preliminary injunction is considered a provisional remedy pursuant to R.C.2505.02(A)(3). However, the preliminary injunction in this case does not meet all three prongs of R.C. 2505.02(B)(4). Specifically, Patio Enclosures would not be precluded from receiving a meaningful or effective remedy by an appeal following final judgment in this case. If the case were to proceed to trial and the trial court found in favor of Lanigan rather than Patio Enclosures, Patio Enclosures would still have the right to appeal that judgment to this Court and we could reverse the decision of the trial court. The purpose of the preliminary injunction in this case was to prevent Lanigan from working for a company that was one of Patio Enclosures' competitors during the pendency of the action before the trial court. Therefore, the preliminary injunction issued in this case was not a final order.
 {¶ 10} This Court notes that Lanigan filed a motion to vacate pursuant to Civ.R. 60(B). The Supreme Court of Ohio has held that Civ.R. 60(B) only allows a court to relieve a party from a final order or judgment. Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 78. See, also, Harter v. Wadsworth-Rittman (1989),64 Ohio App.3d 26, 30. In this case, the granting of a preliminary injunction by the trial court was not a final order. Therefore, a motion to vacate pursuant to Civ.R. 60(B) was not applicable.
 III. {¶ 11} As Patio Enclosures has appealed from a non-final order, this Court lacks jurisdiction to hear the appeal. The appeal is therefore dismissed.
SLABY, P.J., BAIRD, J. CONCUR.