OPINION
{¶ 1} Plaintiff-appellant Patricia Goulder appeals the March 11, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which granted defendants-appellees Robert Luntz, et al.'s motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about May 13, 1964, 62 Land, Inc. was formed as an Ohio corporation with five equal shareholders: Fanny Luntz; her sons, William, Theodore, and Robert Luntz; and a cousin, Stanton Luntz. Each held 100 shares of the corporation. On October 20, 1975, Fanny Luntz equally divided and transferred her 100 shares to the six children of her daughter, Joan Luntz Goulder. Appellant is one of Joan Luntz Goulder's children.
 {¶ 3} In late 1992, Richard Luntz, another son of Fanny Luntz, alleged the transfer of the shares from Fanny Luntz to Joan Luntz Goulder's six children, including appellant, was fraudulent, claiming Fanny Luntz's signature had been forged. 62 Land, Inc. reached a confidential settlement agreement in which payments were made to Richard Luntz. The settlement agreement was approved by all the shareholders except appellant and Stanton Luntz. Appellant was notified of the proposed settlement on or about February 6, 1993, and was provided a copy of the settlement agreement.
 {¶ 4} On June 9, 2003, appellant initiated a shareholder derivative action on behalf of 62 Land, Inc. against appellees, who are present directors of the corporation. Appellant claimed appellees as directors breached their fiduciary duty by wasting corporate assets through improper payments to Richard Luntz as well as improper payment of salaries to directors who performed no services for the benefit of the corporation. Appellees were granted leave to plead, and filed their answer on July 23, 2003. Appellees filed a motion for summary judgment, asserting the statute of limitations barred all of appellant's claims prior to June 9, 1999, and appellant could not maintain the action on the remaining claims because she was not a similarly situated shareholder pursuant to Civ. R. 23.1. Appellant filed a memorandum in opposition thereto. Appellees filed a reply brief. Via Judgment Entry filed March 11, 2004, the trial court granted summary judgment in favor of appellees, finding appellant's claims prior to June 9, 1999, were barred by the applicable statute of limitations, and finding appellant did not fairly and adequately represent the interests of the corporation.
 {¶ 5} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court applied the wrong rule in deciding appellees' motion for summary judgment. Rather than looking at whether plaintiff/appellant adequately represented similarily [sic] situated shareholders, the court evaluated whether appellant fairly and adequately represented the interests of the corporation.
 {¶ 7} "II. The trial court failed to analyze both of appellant's claims against appellees in deciding whether appellant represented the interests of similarily [sic] situated shareholders. as to appellant's second claim (waste of corporate assets through excessive directors' fees), appellees offered no evidence regarding other shareholders.
 {¶ 8} "III. Appellees failed to meet their burden of demonstrating that appellant did not adequately represent similarily [sic] situated shareholders."
 I, III {¶ 9} Because appellant's first and third assignments of error are interrelated, we shall address said assignments together. In her first assignment of error, appellant maintains the trial court applied the wrong rule in deciding appellees' motion for summary. Specifically, appellant asserts the trial court improperly evaluated whether appellant fairly and adequately represented the interests of the corporation when the trial court should have determined whether appellant fairly and adequately represented similarly situated shareholders. In her third assignment of error, appellant submits appellees failed to meet their burden of demonstrating she did not adequately represent similarly situated shareholders.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 11} Civ.R. 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard we review appellant's assignments of error.
 {¶ 15} The central issue in appellant's first and third assignments is whether appellant met the requirement under Civ. R. 23.1 she fairly and adequately represents the interest of similarly situated shareholders. Civ. R. 23.1 reads:
 {¶ 16} "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation."
 {¶ 17} Complaining shareholders must (1) spell out, with particularity, the efforts made to have the directors or the other shareholders take the action demanded, (2) explain why they failed in this effort or did not make it, and (3) show that they "fairly and adequately" represent the interests of other shareholders "similarly situated." See, Weston v. Weston Paper Mfg. Co. (1996), 74 Ohio St.3d 377, 379.
 {¶ 18} There is no bright-line test to be applied in determining whether a plaintiff in a derivative suit fairly and adequately represents the interests of similarly situated shareholders. However, in Norris v. Weir (1987),35 Ohio App.3d 110, the court of appeals set forth elements to be considered in evaluating whether this requirement under Civ. R. 23.1 is met.[1] The elements are (1) economic antagonisms between the representative and the class, (2) the remedy sought by plaintiff in the action, (3) indications that the named plaintiff was not the driving force behind the litigation, (4) plaintiff's unfamiliarity with the litigation, (5) other litigation pending between the plaintiff and defendants, (6) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself, (7) plaintiff's vindictiveness toward the defendants, and (8) the degree of support plaintiff was receiving from the shareholders he purports to represent. Id. at 114-115.
 {¶ 19} Thus, we consider the above factors in determining whether appellant fairly and adequately represents the interests of similarly situated shareholders. It is clear such a determination must be made on a case-by-case basis. See, Davisv. Comed, Inc. (C.A.6, 1980), 619 F.2d 588, 593 (under the fair and adequate requirement under Fed.Civ.R. 23.1, a court should examine any indication of extrinsic factors that render it likely that the representative may disregard the interests of the class members, and the factors examined are usually interrelated).
 {¶ 20} Herein, the trial court concluded appellant did not meet the requirements of Civ. R. 23.1, finding appellees demonstrated appellant did "not fairly and adequately represent the interests of the corporation." Appellant submits this statement is tantamount to the trial court's applying the wrong rule of law. Assuming, arguendo, the trial court did apply the wrong rule of law, such is irrelevant as this Court's standard of review is de novo. Upon our review of the record, we find appellant "does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation." The evidence establishes appellant and Stanton Luntz were the only shareholders who objected to the settlement with Richard Luntz. Appellant submits this does not end the analysis as there may be a "legitimate class of one" in derivative lawsuits.
 {¶ 21} In support of her position, appellant relies upon the Tenth District Court of Appeals decision in HER, Inc. v.Parenteau (2002), 147 Ohio App.3d 285, 296. We find HER to be factually distinguishable from the instant action. HER involved a close corporation consisting of only two shareholders. Each shareholder held an equal interest in the corporation, and one shareholder also represented the interests of the defendants in the derivative suit. Id. at 290. Given the unique circumstances, the Tenth District found the plaintiff could maintain the derivative action. Rejecting the notion a single shareholder may not bring a derivative action, the Tenth District noted courts of other states have determined "there may indeed be a single `a legitimate class of one' in derivative lawsuits." Id. at 296. This is not the case with respect to the Luntz settlement. All of the shareholders except for appellant and Stanton Luntz agreed to the settlement with Richard Luntz. Although those shareholders may not have been happy with having to even enter into a settlement, it is obvious they believed this to be the best course of action for the corporation. Accordingly, we find appellant cannot fairly and adequately represent the interests of similarly situated shareholder, who approved the settlement.
 {¶ 22} Appellant's first and third assignments of error are overruled.
 II {¶ 23} In her second assignment of error, appellant contends the trial court failed to analyze appellant's claim for breach of fiduciary duty through the waste of corporate assets in paying excessive directors' fees.
 {¶ 24} Upon review of the trial court's judgment entry, we find the trial court did not address this claim. Accordingly, we reverse the trial court's grant of summary judgment as it pertains to this claim and remand the issue to the trial court for determination of whether appellant fairly and adequately represents similarly situated shareholders with respect to it.
 {¶ 25} Appellant's second assignment of error is sustained.
 {¶ 26} The judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part and remanded.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings in accordance with our opinion and the law. Costs assessed equally.
[1] Norris was overruled on other grounds in Perry v.Eagle-Picher Industries, Inc. (1990), 52 Ohio St.3d 168.