**WARNE, Appellee,**

v.

**BAMFIELD et al., Appellants.**

[Cite as *Warne v. Bamfield,* 161 Ohio App.3d 537, 2005-Ohio-2982.]

Court of Appeals of Ohio,
Fifth District, Guernsey County.

No. 04 CA 26.

Decided June 8, 2005.

</div>

538

Tribbie, Scott, Plummer & Padden and Thomas L. Tribbie, for appellee.

Lane, Alton & Horst, L.L.C., Jeffrey J. Jurca, and Joshua R. Bills, for appellants.

WISE, Judge.

{¶ 1} Appellants, Dana and Bridget Bamfield, appeal the decision of the Guernsey County Court of Common Pleas that granted judgment in favor of appellee, Jack Warne, d.b.a. Jack Warne Construction Company. The following facts give rise to this appeal.

{¶ 2} Appellants initially contacted appellee, in the summer of 2001, regarding a project at their residence that included raising the house off its foundation and placing a new foundation under the house. On May 7, 2002, appellee made a proposal to perform the foundation work. This proposal provided as follows:

{¶ 3} "Labor and materials to jack up house and place supports under; excavate exterior foundation; remove existing concrete and excavate new footers; pour footers and lay block for house and garage; gravel fill for floor preparation; pour new concrete floor; back fill foundation after waterproofing and drain installation; pour exterior concrete; set house back on foundation—$36,906.00."

{¶ 4} Appellants took the proposal to a local bank and secured a loan. Appellee began working on the project in August 2002. Prior to starting work, appellee discovered that the corners of the house were out of plumb and that the house was eight inches out of line from one end of the house to the other end. Shortly after appellee started the block work, appellants asked the bricklayer for an estimate to place brick on the front of the house. This request resulted in several changes to appellee's plans, which he was able to accommodate.

{¶ 5} As the work progressed on the house, appellee submitted two bills, which appellants promptly paid. However, on October 30, 2002, appellee submitted his final bill in the amount of $13,606. Appellants refused to pay the bill, citing a list of 23 complaints. On November 4, 2002, appellee sent workers to appellants' residence to place topsoil around the foundation. Appellants told the workers not to proceed with the job.

{¶ 6} Thereafter, on November 19, 2002, appellee made an offer of settlement to appellants by offering to reduce the final payment due by $1,000, for a total due of $12,606. Appellants did not respond to appellee's offer. Subsequently, on November 27, 2002, appellee filed an affidavit of mechanic's lien in the amount of $13,606. On May 8, 2003, appellee filed a complaint against appellants. Appellants timely filed an answer and a counterclaim in which they allege that appellee failed to perform the work in a workmanlike manner.

{¶ 7} The trial court conducted a two-day bench trial in August 2004. On August 31, 2004, the trial court filed findings of fact and conclusions of law and a judgment entry in which it granted judgment in favor of appellee in the amount of $12,255.21, plus attorney fees. The trial court dismissed appellants' counterclaim. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:

{¶ 8} "I. The trial court erred by finding that plaintiff-appellee had a valid mechanic's lien as the affidavit supporting the lien contained erroneous information and was false."

{¶ 9} "II. The trial court erred by failing to reduce the amount of its judgment against defendant-appellants for breach of contract, as all expert witnesses agreed that the work performed by plaintiff-appellee was poorly done, and defendant-appellants were entitled to an offset for work not completed."

{¶ 10} "III. The trial court erred in awarding attorneys fees to plaintiff-appellee."

{¶ 11} We will address appellants' third assignment of error first, as we find it dispositive of this matter on appeal. In their third assignment of error, appellants contend that the trial court erred when it awarded attorney fees to

appellee. In its judgment entry filed on August 31, 2004, the trial court held at paragraph 2 as follows:

{¶ 12} "The Court finds that the Plaintiff is entitled to further relief of attorney's fees in a sum to be found reasonable and necessary by the Court after the submission of an itemized professional services fees and affidavit in accord with DR 2–106 by the Attorney for the Plaintiff within ten (10) days of the date of this Entry."

{¶ 13} Appellee filed the requested documentation on September 9, 2004. Thereafter, on September 28, 2004, counsel for appellants filed a motion requesting an oral hearing on the issue of attorney fees. The trial court granted appellants' request for an oral hearing but deferred scheduling the requested hearing until this matter is disposed of on appeal.

{¶ 14} "It is well established that when attorney fees are requested in the complaint, there is no final appealable order until those fees have been addressed by the trial court unless the court utilizes Civ.R. 54(B) language. *Ft. Frye Teachers Assn. v. Bd. of Edn.* (1993), 87 Ohio App.3d 840, 843 [623 N.E.2d 232]; *Trail v. Trail* (Dec. 9, 1994), 11th Dist. No. 94–L–094, 1994 WL 1662554." *Aquarium Systems, Inc. v. Omega Sea Mfg. Corp.*, Lake App. Nos. 2004–L–110 and 2004–L–111, 2005-Ohio-350, 2005 WL 238150, at ¶ 2.

{¶ 15} In the case sub judice, the trial court did not include Civ.R. 54(B) language in its judgment entry of August 31, 2004. Accordingly, there is no final, appealable order at this point in time and we will not address the merits of appellants' first, second, or third assignments of error, as we are without jurisdiction to do so.

Appeal dismissed.

FARMER, P.J., and EDWARDS, J., concur.