MEMORANDUM OPINION
{¶ 1} The instant appeal is presently before this court for final consideration of whether the appealed judgment in this matter constitutes a final appealable order under R.C. 2505.02. On February 21, 2007, we rendered a judgment entry in which appellant, James E. Gray, was ordered to show cause concerning why this appeal should not be dismissed on the grounds that the appealed judgment is an interlocutory order which is *Page 2 
not appealable until the underlying case has been concluded. In now responding to our entry, appellant submits that the instant matter is properly before us because appellee, Judge Thomas A. Swift of the Trumbull County Probate Court, no longer has jurisdiction to go forward with the underlying case.
 {¶ 2} The trial record before this court indicates that this appeal stems from an action in concealment which appellee brought against appellant under R.C. 2109.50. As part of his initial pleading in the action, appellee essentially alleged that, in his role as legal guardian for Elsie Bryn, appellant had mishandled certain assets of her estate. The Bryn guardianship had been the subject of a separate proceeding before appellee as the county probate judge.
 {¶ 3} Pursuant to the specific procedure set forth in the statute, appellee held a summary hearing on the matter. Eight days after the initial filing of the action, appellee issued a judgment in which it was found that appellant had embezzled funds which had belonged to the guardianship in question. However, this judgment did not contain any determination as to the exact amount appellee had taken.
 {¶ 4} Approximately two months after appellee had released his first judgment, Elsie Bryn passed away. In light of this, appellant immediately moved for the dismissal of the concealment action on the basis that the merits of the matter had become moot.
 {¶ 5} On August 29, 2006, appellee issued a new judgment in which appellant's motion to dismiss was denied. Appellee predicated this decision upon the conclusion that the death of the ward did not affect the statutory ability to recover the embezzled funds under the concealment case. Three weeks following the release of this decision, appellant instituted the instant appeal from that particular judgment. *Page 3 
 {¶ 6} As a general proposition, an appellate court has the authority to review a judgment of a trial court only when that judgment is deemed a final order. See Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 210, fn. 2. Consistent with Section 3(B)(2), Article IV of the Ohio Constitution, R.C. 2505.02(B) delineates five categories of judgments which are considered "final" and, therefore, are immediately appealable. The second of these categories is set forth in R.C. 2505.02(B)(2), which provides that a judgment will be viewed as a "final order" if it has been rendered in a special proceeding and affects a substantial right of any party. In turn, R.C. 2505.02(A)(2) defines the term "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."
 {¶ 7} As was noted above, the underlying case in the instant matter involved a concealment action which appellee filed pursuant to the specific procedure contained in R.C. 2109.50. In considering the finality of a judgment issued in a concealment action, the Fourth Appellate District has concluded that such an action under R.C. 2109.50
is a "special proceeding" for purposes of R.C. 2505.02(B)(2). In reEstate of Tewksbury, 4th Dist. No. 05CA741, 2005-Ohio-7107, at ¶ 5, fn. 5. Accordingly, the judgment issued by appellee could constitute a final appealable order if it affected any substantial right of appellant.
 {¶ 8} R.C. 2505.02(A)(1) defines a "substantial right" as any right that a person is legally entitled to enforce under the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure. Even though the foregoing definition is stated in very broad terms, the Supreme Court of Ohio has still limited the instances in which a judgment in a special proceeding can be appealed prior to the conclusion of *Page 4 
the entire action. As this court has noted on numerous occasions, the Supreme Court has stated that a "special proceeding" judgment only "affects" a substantial right when the nature of the judgment is such that a party could only obtain full and appropriate relief through an immediate appeal. See Jackson v. Herron, 11th Dist. No. 2004-L-045,2005-Ohio-4039, at ¶ 8, quoting Bell v. Mr. Sinai Med Ctr. (1993), 67 Ohio St.3d 60, 63. In other words, if the judgment in question does not result in the complete conclusion of the special proceeding, it does not "affect' a substantial right if the relief a party could be given in an immediate appeal is identical to the relief obtained through an appeal at the close of the entire case.
 {¶ 9} In the instant matter, appellant brought the appeal for the specific purpose of obtaining a determination that appellee no longer has the jurisdiction or authority to render an enforceable order as to the amount of funds he allegedly owes the guardian estate. Obviously, appellant wishes that our jurisdictional determination be made before appellee issues his final decision on the amount owed. However, if appellant was not allowed to appeal the jurisdictional point until the end of the entire concealment action, this court could still issue a judgment which would place him in the same "position" he hopes to obtain in this appeal. Specifically, if we held in a subsequent appeal that the motion to dismiss should have been granted, we could specifically order appellee to vacate his "amount" judgment so that there can be no dispute that the judgment is not enforceable.
 {¶ 10} Simply stated, the instant matter is not analogous to a situation in which a trial court has ordered the release of confidential information. Under the latter scenario, if the party is not permitted to appeal immediately and is required to disclose the *Page 5 
information at that time, there is no relief this court could grant in a subsequent appeal which could make the party whole. In contrast, by ordering appellee to vacate any new judgment, we would still be able to afford appellant full and complete relief as part of the subsequent appeal.
 {¶ 11} In light of the foregoing discussion, this court concludes that appellee's denial of the motion to dismiss the concealment action did not affect a substantial right of appellant. Based upon this, we hold that the judgment in question did not constitute a final order under R.C. 2505.02(B)(2). In addition, our review of appellee's judgment further indicates that it does not satisfy any of the other four categories of "final orders" under the statute.
 {¶ 12} In his response to our "show cause" judgment, appellant contends that the death of the ward had the effect of immediately terminating the guardianship. Appellant further contends that once the guardianship had ended, appellee was deprived of all jurisdiction to proceed with the concealment action. In light of this, he ultimately asserts that appellee's denial of the motion is a final appealable order because the underlying case is over and appellee has no authority to go forward.
 {¶ 13} In essence, appellant is maintaining that this appeal is properly before this court because the underlying logic of his motion to dismiss the concealment action is legally correct. Without commenting on the actual merits of that logic, this court would merely note that there is no precedent for the proposition that the ability to appeal from the denial of a dismissal motion turns on the actual merits of the motion itself. Rather, the analysis as to the "appealability" of such a judgment is always predicated upon the fact that the merits of the motion to dismiss can be properly reviewed at the conclusion *Page 6 
of this proceeding. This basic point was emphasized by the Second Appellate District in Haskins v. Haskins (1995), 104 Ohio App.3d 58. In dismissing an appeal taken from a judgment overruling a motion to dismiss for lack of jurisdiction, the Haskins court stated:
 {¶ 14} "Generally, an order denying a motion to dismiss is not a final order because the reasons for which the dismissal was sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, on the final judgment." Id. at 61.
 {¶ 15} Although it has been necessary for us to follow the "special proceeding" analysis to the appealed judgment in this action, the ultimate logic for determining the finality of that judgment is still consistent with the foregoing statement. That is, in light of the nature of a challenge to the jurisdiction of a trial court, the merits of the challenge can be properly reviewed in an appeal at the end of the trial proceedings, and the party can still be afforded a full and complete remedy. Under such circumstances, a waste of judicial resources would occur if the interlocutory appeal was allowed to go forward.
 {¶ 16} Pursuant to the foregoing analysis, this court concludes that the appealed judgment in this matter is not a final appealable order under R.C. 2505.02(B). Thus, it is the sua sponte order of this court that the instant appeal is hereby dismissed.
 WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur. *Page 1