**FIRSTMERIT BANK, N.A., Appellee,**

v.

**MOORE, Appellant.**

[Cite as *FirstMerit Bank, N.A. v. Moore*, 183 Ohio App.3d 550, 2009-Ohio-3928.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

Nos. 08CA009479 and 08CA009516.

Decided Aug. 10, 2009.

---

**3.** See App.R.12(A)(1)(c).

Jeffrey H. Wier II, for appellee.

Charles J. Pawlukiewicz, for appellant.

CARR, Judge.

{¶ 1} Appellant, David J. Moore, appeals a judgment of the Lorain County Court of Common Pleas. This court dismisses for lack of a final, appealable order.

I

{¶ 2} On September 27, 2002, Moore Financial Enterprises, Inc. signed a promissory note with FirstMerit Bank, N.A., with a warrant of attorney therein, in the amount of $1,247,220. On that same date, the note was secured by mortgages and assignments of rent on two parcels of property, and the cognovit personal guaranty of Mr. Moore.

{¶ 3} The cognovit note was amended to reflect the payment made by Mr. Moore, effective as of December 27, 2005. The amendment showed that the principal balance, as of January 12, 2006, had been reduced to $634,228.36. Moore Financial subsequently defaulted by failing to make payments to First-

Merit as required under the note. By letter dated October 4, 2007, FirstMerit's assistant vice president Eric Hull notified Moore Financial and Moore that (1) the note was in default, (2) FirstMerit was exercising its right to accelerate the amounts due and owing under the note, and (3) all amounts under the note were due and owing.

{¶ 4} Prior to filing the cognovit complaint, on November 29, 2007, FirstMerit filed a complaint in foreclosure. In the foreclosure action, FirstMerit requested judgment against Moore Financial in the aggregate amount of $606,344.58 and demanded that the property located at 209 South Main Street, Amherst, Ohio, be sold at sheriff's sale to satisfy the amount due under the note.

{¶ 5} On December 27, 2007, FirstMerit filed a complaint with the trial court requesting cognovit judgment against Moore pursuant to the commercial guaranty dated September 27, 2002. By virtue of the warrant of attorney in the guaranty, an answer to the cognovit complaint was filed on behalf of Moore. On that same day, the trial court ordered that FirstMerit recover from Moore the following:

(i) Judgment in favor of Bank against Defendant in the aggregate amount of $606,344.58 with interest continuing from and after October 15, 2007, at the current rate of interest of 7.25% per annum, as established in the Note;

(ii) The reasonable attorneys' fees and expenses incurred in the enforcement of, and collection on, the Guaranty;

(iii) The costs of this action; and

(iv) All other relief to which Bank is entitled, either at law or in equity, all at the cost of the Defendant.

{¶ 6} On July 31, 2008, Moore filed a motion to vacate judgment with the trial court pursuant to Civ.R. 60(B). In the memorandum in support of his motion, Moore claimed to have two meritorious defenses. On August 21, 2008, FirstMerit filed its response and requested that the trial court deny the motion. With the permission of the trial court, Moore filed a reply brief to FirstMerit's response. In his reply brief, Moore claimed to have two additional meritorious defenses. The trial court denied the motion to vacate judgment on September 10, 2008.

{¶ 7} On October 6, 2008, Moore filed a combined motion to (1) dismiss extraneous claims and/or (2) vacate the certificate of judgment lien. In that motion, Moore requested that the trial court dismiss FirstMerit's claims for attorney fees, expenses, and other relief for failure to prosecute pursuant to Civ.R. 41(B)(1). In support of his motion, Moore argued that the December 27, 2007 judgment entry was a partial judgment because FirstMerit was not awarded a sum certain in attorney fees. Therefore, Moore contended, he was trapped in a

position in which he could not appeal the judgment because it was not a final order. A hearing on the motion was scheduled for November 26, 2008.

{¶ 8} Moore subsequently filed a notice of appeal with this Court on October 9, 2008.

{¶ 9} On December 3, 2008, the trial court filed a document labeled *"Nunc Pro Tunc* Order Pertaining to December 7, 2007 Judgment Entry." The nunc pro tunc entry stated that the "original intent" of the trial court was that the "December 27, 2007 Judgment Entry be a final appealable Order." The nunc pro tunc entry went on to state, "The December 27, 2007 Judgment Entry does not dispose of Plaintiff's attorney's fees claim. Consequently, this Court will * * * provide Civ.R. 54(B) certification for the December 27, 2007 Judgment Entry in this matter and expressly determine, *nunc pro tunc,* that there is no reason for just delay."

{¶ 10} Mr. Moore appeals the judgment of the trial court's order denying his motion to vacate judgment. Mr. Moore has raised a single assignment of error.

## II

## ASSIGNMENT OF ERROR

The trial court erred and abused its discretion by denying Mr. Moore's timely filed motion to vacate the cognovit judgment.

{¶ 11} Moore argues that trial court abused its discretion by denying his motion to vacate the cognovit judgment because he alleged several meritorious defenses.

{¶ 12} As a preliminary matter, this court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922. This court has jurisdiction to hear appeals only from final judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this court must dismiss the appeal for lack of subject-matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930–M, 2000 WL 109108. "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 229, 714 N.E.2d 394.

{¶ 13} Civ.R. 60(B) states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2)

newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶ 14} The trial court's judgment entry, dated December 27, 2007, could not be the subject of a Civ.R. 60(B) motion because it was not a final order. The Supreme Court of Ohio has held that Civ.R. 60(B) allows a court to relieve a party only from a final order or judgment. *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 78, 20 OBR 407, 486 N.E.2d 99. See also *Harter v. Wadsworth–Rittman* (1989), 64 Ohio App.3d 26, 30, 580 N.E.2d 506. The Supreme Court has also held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus. Here, FirstMerit requested attorney fees in its complaint. In the December 27, 2007 judgment entry, the trial court expressly ordered FirstMerit to recover from Moore "[t]he reasonable attorneys' fees and expenses incurred in the enforcement of, and collection on, the Guaranty." This court has repeatedly held that where attorney fees are awarded, but the amount is not specified, it is not a final order. *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. No. 07CA009275, 2008-Ohio-4500, 2008 WL 4116369, at ¶ 12. See also *Baker Indus. Equip., Inc. v. Osair, Inc.* (Jan 9, 1991), 9th Dist. No. 14704, 1991 WL 1994. Because the trial court awarded reasonable attorney fees but did not specify a sum certain, it only partially disposed for FirstMerit's claim for attorney fees and therefore did not enter a final order. It follows that the trial court's partial judgment entry could not be the subject of a Civ.R. 60(B) motion. Therefore, the trial court's subsequent treatment of the Civ.R. 60(B) motion cannot serve as a basis for appeal.

{¶ 15} The trial court attempted to make the December 27, 2007 trial court order a final, appealable order by including Civ.R 54(B) language in its nunc pro tunc entry dated December 3, 2008. However, the December 27, 2007 trial court order is not the subject of this appeal. Rather, the subject of Moore's appeal is the September 10, 2008 trial court order that denied the motion to vacate judgment pursuant to Civ.R. 60(B). There is no question that at the time Moore filed his motion to vacate judgment on July 31, 2008, the judgment entry that he wanted the trial court to vacate was not a final order. Therefore, the motion to vacate judgment was not properly before the trial court. As discussed above, any subsequent treatment of that motion cannot serve as the basis for appeal.

Appeal dismissed.

MOORE, P.J., and BELFANCE, J., concur.