[Cite as *Sandesara v. Peco II, Inc.*, 2011-Ohio-5927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96532**

---

# HARSHAD SANDESARA

PLAINTIFF-APPELLANT

vs.

# PECO II, INC., ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720332

**BEFORE:** Sweeney, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 17, 2011

**ATTORNEYS FOR APPELLANT**

Bruce B. Elfvin, Esq.
Barbara Kaye Besser, Esq.
Stuart Torch, Esq.
Elfvin & Besser
4070 Mayfield Road
Cleveland, Ohio   44121-3031

Eric M. Andersen, Esq.
Eduard Korsinsky, Esq.
Levi & Korsinsky, L.L.P.
30 Broad Street, 15th Floor
New York, NY   10004

**ATTORNEYS FOR APPELLEES**

James A. King, Esq.
Megan E. Bailey, Esq.
Eric B. Gallon, Esq.
Ryan P. Sherman, Esq.
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215

Leo M. Spellacy, Jr., Esq.
Porter, Wright, Morris & Arthur
925 Euclid Avenue, Suite 1700
Cleveland, Ohio   44115

J. Christian Word, Esq.
Latham & Watkins, L.L.P.
555 Eleventh Street, N.W., Suite 1000
Washington, DC    20004

(Continued)


(Continued)

David D. Yeagley, Esq.

Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio   44113-1448

JAMES J. SWEENEY, J.:

{¶ 1}   Plaintiff-appellant Harshad Sandesara ("appellant") appeals from the trial court's order that found it lacked subject matter jurisdiction to hear his application for attorneys' fees. For the reasons that follow, we affirm.

{¶ 2}   Appellant commenced this action against Peco II, Inc., Lineage Power Holdings, Inc., Lineage Power Ohio Merger Sub, Inc., John Heindel, James Green, Matthew P. Smith, E. Richard Hottenroth, Thomas R. Thomsen, R. Louis Schneeberger, Gerard Moersdorf, and Richard W. Orchard (collectively referred to as the "Peco appellees").   Appellant's claims related to a merger agreement between Peco II, Inc. and Lineage Power Holdings, Inc.   In the amended complaint, appellant alleged claims for breach of fiduciary duty on behalf of the shareholders and a separate derivative claim on behalf of Peco as well as an aiding and abetting claim against Peco, Lineage, and Lineage Merger Sub.   Appellant's demand for relief included a request that the trial court enter judgment that, among other things, awarded "Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts * * *." On appeal, appellant contends that his claim for fees was a separate cause pursuant to

"the substantial benefit doctrine."

{¶ 3} The trial court issued a series of orders concerning appellant's claims and by order dated May 7, 2010, unequivocally stated, "the Court dismisses the Amended Complaint with prejudice." Appellant did not appeal from this order. Seven months later, appellant filed an application for an award of attorneys' fees and expenses. Peco appellees opposed the application and the trial court found it lacked subject matter jurisdiction to consider it. This appeal followed and presents the following assignment of error for our review:

{¶ 4} "The Cuyahoga County Court of Common Pleas erred in entering the February 16, 2011 order as a matter of law when it found that it did not have subject matter jurisdiction to hear an application for Plaintiff's attorneys' fees."

{¶ 5} The issue before us is not whether appellant was entitled to an award of attorneys' fees but rather whether the trial court had subject matter jurisdiction to consider the application that was filed seven months after the court had dismissed the amended complaint with prejudice and assessed court costs to appellant; and that order was not appealed. The trial court concluded that it lacked jurisdiction and we must agree.

{¶ 6} Appellant argues that the trial court had subject matter jurisdiction because it did not explicitly address the claim for attorneys' fees when it dismissed the amended complaint with prejudice. Appellant argues that the May 7, 2010 order was not final and appealable for that reason. The Peco appellees maintain that it was a final and appealable order. They rely on authority that provides "when a trial court unconditionally

dismisses a case * * * the trial court patently and unambiguously lacks jurisdiction to proceed[.]" *State ex. rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶22.

{¶ 7} Appellant refers us to the authority of *Intl. Bhd. of Elec. Workers Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 340, 2007-Ohio-6439, 879 N.E.2d 187. In *Vaughn*, the Union filed a complaint alleging an intentional violation of Ohio's Prevailing Wage Law. In its answer, the employer asserted a claim for attorneys' fees pursuant to statutory law as well as Civil Rule 11. The trial court granted the employer's motion for summary judgment on the Union's claims against it, however, the summary judgment order did not address the employer's outstanding claim for attorneys' fees. Id. at ¶4. Thereafter, the employer moved the court to award it attorneys' fees pursuant to R.C. 4115.16(D) and/or Civ.R. 11 and R.C. 2323.51. Id. at ¶5.

{¶ 8} The Ohio Supreme Court determined that the summary judgment order did not dispose of all claims, specifically, it did not address the employer's pending claim for attorneys' fees. Because the claim for attorneys' fees remained pending and the summary judgment order did not contain the express Civ.R. 54(B) language, the order was not final and appealable. Id. at ¶17. Under that factual and procedural scenario, the Ohio Supreme Court held that "when attorney fees are requested in the original pleadings, a party may wait until after entry of a judgment *on the other claims* in the case to file its motion for attorney fees. We also hold that when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not

include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." Id., emphasis added.

{¶ 9} Unlike the order examined in *Vaughn,* the order at issue in this case did dispose of all claims in appellant's amended complaint because it dismissed the entire amended complaint with prejudice. That order necessarily encompassed the request/claim for attorneys' fees contained in the amended complaint. Clearly that was the trial court's intention, otherwise, it would not have found it lacked jurisdiction to consider the later filed application for attorneys' fees. Because the trial court dismissed the entire amended complaint, rather than just entered an order on plaintiff's claims, the precedent of *Vaughn* is not applicable.[1] We note that as a general practice most pleadings contain a request that the court award attorneys' fees and cost in the demand for judgment. *Vaughn* does not require the trial court to independently address every generalized request for relief contained in a pleading in order to constitute a final and appealable order. Even assuming, without deciding, that the claim for attorneys' fees was a separate cause of action, as appellant has maintained, it was nonetheless dismissed as part and parcel of the "amended complaint."

{¶ 10} When the trial court dismisses the entire pleading without reservation it is unreasonable and counterintuitive to conclude that it has reserved jurisdiction over any

---

[1] This order at issue in this case is also distinguishable from the judgment rendered in favor of the plaintiff following a trial in *Fair Housing Advocates Assn., Inc. v. James* (1996), 114 Ohio App.3d 104, 682 N.E.2d 1045, abrogated by *Intl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 335, 2007-Ohio-6439, 879 N.E.2d 187.

part of it. None of the authority cited by appellant would support a contrary conclusion and none of the cases involve an order dismissing the entire pleading, which contained the claim for attorneys' fees, with prejudice. See, *Firstmerit Bank, N.A. v. Moore*, 183 Ohio App.3d 550, 2009-Ohio-3928, 917 N.E.2d 864, ¶14; *In re Removal of Sites*, Lawrence App. No. 05CA39, 2006-Ohio-3787; *Warne v. Bamfield*, 161 Ohio App.3d 537, 2005-Ohio-2982, 831 N.E.2d 451; *Lytle v. K&D Group, Inc.*, Cuyahoga App. No. 84889, 2005-Ohio-87; *Cook v. Esarey* (Nov. 1, 1995), Summit App. No. 17112; *Dayton Women's Health Ctr. v. Enix* (1993), 86 Ohio App.3d 777, 621 N.E.2d 1262; *Fort Frye Teachers Ass'n v. Fort Frye Local Sch. Dist. Bd. of Educ.* (1993), 87 Ohio App.3d 840, 623 N.E.2d 232; *Hlavin v. W.E. Plechaty Co.*(1971), 28 Ohio App.2d 43, 274 N.E.2d 570.

{¶ 11} The authority pertaining to whether an attorneys' fee claims survives when an action is deemed moot is not really applicable to this case either. While the trial court's order noted that "[t]he shareholders' approval extinguishe[d] Plaintiff's claim under Ohio Law * * *," the trial court's order went on to dismiss "the Amended Complaint with prejudice" and this is a distinguishing factor.

{¶ 12} If a party believes that the trial court erred by dismissing a claim, that can be addressed through a direct appeal. Appellant did not appeal the trial court's May 7, 2010 order that was final. Consequently, we do not have the opportunity to decide in this appeal whether the trial court erred by dismissing the claim for attorneys' fees in the May 7, 2010 order because the issue at this point is whether the trial court lacked jurisdiction

to consider it after the amended complaint was dismissed with prejudiced.  Because we find that it did, this assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR