[Cite as *Patrone v. Patrone*, 2014-Ohio-5609.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| MARY ELLEN PATRONE,<br>GUARDIAN OF THE PERSON<br>AND ESTATE OF ELEANOR PATRONE, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2013-T-0125** |
| - vs - | : | |
| MICHAEL PATRONE, et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2013 CVA 0027.

Judgment: Appeal dismissed.


*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Plaintiff-Appellant).

*Jeffrey A. Kurz*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendants-Appellants).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Mary Ellen Patrone, Guardian of the Person and Estate of Eleanor Patrone, appeals from the November 27, 2013 judgment of the Trumbull County Court of Common Pleas, Probate Division, finding appellees, Michael Patrone and Amity Strainer, not guilty of concealment and ordering appellant, in her individual

capacity, to pay appellees' attorney fees, costs, and expenses, subject to court approval. The probate court granted leave to appellees to file a motion for sanctions pursuant to Civ.R. 11. The court concluded its judgment entry by stating, "All pending further Court order." The entry did not include "there is no just reason for delay" language pursuant to Civ.R. 54(B). For the reasons that follow, because the probate court's judgment entry is not a final appealable order, we hereby dismiss this appeal for lack of jurisdiction.

{¶2} This case involves an intra-family dispute among various members of the Patrone family. Eleanor Patrone was married to Ralph Patrone, Sr. The couple had two adopted children, Anthony and "Ralphie." Anthony is married to (appellant) Mary Ellen Patrone, and together they have a son (appellee) Michael Patrone. Michael is engaged to (appellee) Amity Strainer.

{¶3} On June 3, 2013, appellant filed a complaint for concealment pursuant to R.C. 2109.50 against appellees. Appellant alleged that Michael had exerted undue influence over Eleanor and had concealed monies from her savings and checking accounts totaling approximately $115,000. Appellant further alleged that Michael either retained possession or sold Eleanor's $7,800 coin collection. Appellees denied any wrongdoing and requested that they be awarded attorney fees, costs, and expenses.

{¶4} The matter proceeded to a bench trial on October 22, 2013. The parties agreed that the only issue would concern whether appellees had concealed $8,700 from Eleanor's Chase checking account beginning in May 2011. Testimony was taken. Following trial, as stated, the probate court found appellees not guilty of concealment on November 27, 2013. The court ordered appellant, in her individual capacity, to be taxed with all costs, expenses, and reasonable attorney fees subject to court approval. The

2

court granted leave to appellees to file a motion for sanctions pursuant to Civ.R. 11 for expenses and reasonable attorney fees. The court concluded its judgment entry by stating, "All pending further Court order." The entry did not include "there is no just reason for delay" language pursuant to Civ.R. 54(B). Appellant timely appealed that judgment and asserts the following four assignments of error:

{¶5} "[1.] The trial court's November 27, 2014 judgment entry was a final appealable order.

{¶6} "[2.] The trial court's finding that the appellees were not guilty of concealment was against the manifest weight of the evidence.

{¶7} "[3.] The trial court abused its discretion when it presumptively addressed the merits sanctions under Rule 11 of the Ohio Rules of Civil Procedure.

{¶8} "[4.] The trial court abused its discretion when it taxed the appellant, personally and individually, with the costs and fees of the action."

{¶9} On the merits of this appeal, appellant argues that the not guilty order is against the manifest weight of the evidence; that the probate court prematurely addressed the merits of a possible Civ.R. 11 motion for sanctions; and that the probate court abused its discretion in taxing the attorney fees, costs, and expenses in prosecuting this action against appellant in her individual capacity. Appellees, however, assert that this court lacks jurisdiction over this appeal because (1) there is a pending claim on whether appellant owes appellees' attorney fees, costs, and expenses and (2) the probate court's judgment finding appellees not guilty of concealment did not state that there was "no just cause for delay" pursuant to Civ.R. 54(B).

{¶10} Thus, before proceeding to the merits, "we must determine whether there is a final appealable order since this court may entertain only those appeals from final

3

judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 * * * (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a 'final order' in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 * * * (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. No. 2011-P-0103, 2011-Ohio-6838, ¶3." *State ex rel. Dewine v. Deer Lake Mobile Park, Inc.*, 11th Dist. Geauga No. 2012-G-3119, 2013-Ohio-637, ¶5. (Parallel citations omitted.)

{¶11} R.C. 2505.02(B) states in part:

{¶12} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶13} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶14} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶15} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶16} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶17} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

4

**{¶18}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶19}** "(5) An order that determines that an action may or may not be maintained as a class action;

**{¶20}** "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

**{¶21}** "(7) An order in an appropriation proceeding * * *."

**{¶22}** As this case involves a concealment action under R.C. 2109.50, it is a "special proceeding" for purposes of R.C. 2505.02(B)(2). *Swift v. Gray*, 11th Dist. Trumbull No. 2006-T-0106, 2007-Ohio-2302, ¶7. As such, the judgment issued could constitute a final appealable order if it affected any substantial right of appellant. *Id.*

**{¶23}** R.C. 2505.02(A)(1) defines a "substantial right" as any right that a person is legally entitled to enforce under the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure.

**{¶24}** "Even though the foregoing definition is stated in very broad terms, the Supreme Court of Ohio has still limited the instances in which a judgment in a special proceeding can be appealed prior to the conclusion of the entire action. As this court has noted on numerous occasions, the Supreme Court has stated that a 'special proceeding' judgment only 'affects' a substantial right when the nature of the judgment is such that a party could only obtain full and appropriate relief through an immediate appeal. See *Jackson v. Herron*, 11th Dist. No. 2004-L-045, 2005-Ohio-4039, at ¶8, quoting *Bell v. Mr. Sinai Med Ctr.* (1993), 67 Ohio St.3d 60, 63 * * *. In other words, if the judgment in question does not result in the complete conclusion of the special

5

proceeding, it does not 'affect' a substantial right if the relief a party could be given in an immediate appeal is identical to the relief obtained through an appeal at the close of the entire case." *Swift, supra,* at ¶8. (Parallel citation omitted.)

**{¶25}** "Simply stated, the instant matter is not analogous to a situation in which a trial court has ordered the release of confidential information. Under the latter scenario, if the party is not permitted to appeal immediately and is required to disclose the information at that time, there is no relief this court could grant in a subsequent appeal which could make the party whole." *Id.* at ¶10.

**{¶26}** Based on the facts presented, because the November 27, 2013 judgment entry does not result in the complete conclusion of the special proceeding, it does not "affect" a substantial right since the relief appellant could be given in an immediate appeal is identical to the relief obtained through an appeal at the close of the entire case. *Swift, supra,* at ¶8. Therefore, the trial court's judgment is not a final appealable order as contemplated by R.C. 2505.02.

**{¶27}** In addition, Civ.R. 54(B) states:

**{¶28}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any

6

time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶29} "[W]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *IBEW, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶17; *see also Firstmerit Bank, N.A. v. Moore*, 183 Ohio App.3d 550, 2009-Ohio-3928, ¶14 (9th Dist.2009).

{¶30} In this matter, as stated, the probate court did not make an express determination in its November 27, 2013 judgment entry that "there is no just reason for delay" as required by Civ.R. 54(B). Appellees had requested that the court award them attorney fees, costs, and expenses. The court granted appellees leave to submit their attorney fees, costs, and expenses for reimbursement by appellant pursuant to Civ.R. 11. However, appellant appealed this case before all issues could be resolved. Thus, because the probate court's November 27, 2013 judgment entry does not dispose of all the claims and does not contain the requisite Civ.R. 54(B) language, it is not a final appealable order.

{¶31} Accordingly, because the November 27, 2013 judgment entry is not a final appealable order, we lack jurisdiction over this matter at this time. This appeal is hereby sua sponte dismissed.

{¶32} Appeal dismissed.


DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.


7